RUFUS RANDELL AND OTHERS *vs.* THE CITY OF BRIDGE-PORT.

New Haven & Fairfield Cos., June T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

It is provided by Gen. Statutes, § 3831, that all taxable property shall be assessed at its "fair market value;" and by § 3863 that a tax-payer may

appeal to the Superior Court from the action of the board of relief as to the assessment of his property, and that the court " shall have power to grant such relief as shall to justice and equity appertain." The assessors of a certain town had adopted as a rule the assessment of property in the town at half its market value, but had assessed the real estate of a certain party at more than half its value but not at more than its full value. Failing to get relief from the board of relief he took an appeal to the Superior Court. Held that while by the first statute the assessment was not too high, yet as injustice was done the appellant by the disproportionate assessment of his property under the rule adopted by the assessors, the court could, under the second statute, reduce the assessment to the sum required by that rule, as being a relief called for by " justice and equity," and that it ought to do so.

The appellant had stated in his appeal a certain sum as a just valuation of his property under the rule adopted by the assessors, which sum was somewhat more than half its market value. Held that the court could properly take this sum as the valuation for taxation instead of the half of the market value.

[Argued June 8th—decided September 9th, 1893.]

APPEAL from the action of the board of relief of the defendant city in the matter of the assessment of the plaintiffs' real estate for taxation; taken to the Superior Court in Fairfield County, and reserved on a finding of facts for the advice of this court. The case is stated in the opinion.

*G. Stoddard* and *W. D. Bishop, Jr.,* for the plaintiffs.

*H. H. Knapp,* with whom was *M. W. Seymour,* for the defendant.

CARPENTER, J. This is an appeal from the doings of the assessors and the board of relief of Bridgeport. The only parts of the complaint material to notice are the fourth and sixth paragraphs. As amended they are as follows:—" 4. Said board of assessors valued said two parcels of property at one hundred and twenty-five thousand dollars, an amount fifty-six thousand two hundred and fifty dollars in excess of the appellants' valuation, and an amount largely in excess of a just, fair and reasonable estimate of the value of said property." " 6. Said valuation of said board of assessors, and said action of said board of relief in refusing to reduce the same, are unjust, unfair and unreasonable, and therefore illegal."

The substituted answer denies the material parts of the complaint. The finding is, in substance, as follows :—

On the first day of October, 1891, it was and ever since has been the uniform rule of the board of assessors and board of relief of the city and town of Bridgeport, to value all property, for the purposes of taxation, at one half of the fair market value of such property at the time of such valuation. The said boards of assessors and relief applied said rule in valuing said property of the plaintiffs for taxation at one hundred and twenty five-thousand dollars, and in placing said valuation upon said property said board of assessors and board of relief found and fixed the fair market value of said property on the first day of October, 1891, to be two hundred and fifty thousand dollars, and one half said fair market value to be one hundred and twenty-five thousand dollars. The court found the fair market value of the property in question on the first day of October, 1891, to be one hundred and twenty-five thousand dollars, assuming the question of the fair market value to be a question of fact to be decided upon all the evidence.

All evidence to prove the rule of valuation in Bridgeport for the purposes of taxation, and that one half the fair market value of the property in question was less than one hundred and twenty-five thousand dollars, was objected to by the defendant, and the finding on those points is contingent on the admissibility of that evidence.

We think the evidence was properly admitted. It seems the better way, in cases like this, to let the facts be proved and then determine the law applicable to the facts, rather than to anticipate the law on a question of evidence. Moreover the facts are clearly material, as tending to show the alleged grievance of the plaintiffs.

There are two ways in which a taxpayer may be wronged in levying taxes. An assessment may conform to the statute generally, and the individual may be assessed in excess of the statutory requirement. A wrong of that description is easily redressed. But when the town disregards the statute and establishes a rule of its own, assessing the property at

one half of its actual value, and then assesses an individual at the full value of the property, while the injury is the same the application of the remedy becomes more complicated. Practically the only way to redress the wrong is to reduce the assessment; and that makes the court seem to disregard the statute; while if the wrong is not redressed there is a denial of justice; and the court practically ignores the statute giving an aggrieved party an appeal, and practically ignores the statute which provides that "said court shall have power to grant such relief as shall to justice and equity appertain." Gen. Statutes, §§ 3831, 3863.

Thus we are in a dilemma. If we choose one horn of it a public statute is violated—not so much by the court as by the town—but by an apparent approval of the court as to one individual; and that by an express command of another statute, and by the dictates of justice. If we take the other horn the court itself violates a remedial statute, and becomes in a measure a party to the wrong doing. Under the circumstances we do not hesitate to choose the former, and to redress the wrong. We are not without precedents for this. *Cocheco Co.* v. *Strafford*, 51 N. Hamp., 455; *Manchester Mills* v. *Manchester*, 58 N. Hamp., 38.

The Superior Court is advised to render judgment for the appellants. Inasmuch as the appellants valued the property for the purposes of taxation at $68,750 we advise the Superior Court not to reduce the assessment below that sum.

In this opinion the other judges concurred.