THE GREENWOODS COMPANY *vs.* THE TOWN OF NEW
HARTFORD.

| 65 | 461 |
| 72 | 334 |
| 72 | 372 |

First Judicial District, Hartford, January Term, 1895. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Upon an appeal by a taxpayer from the action of the board of relief, the
Superior Court should not reduce the valuation of his property below
the amount he has himself placed upon it. And, on the other hand,
if the issue is simply whether the valuation of the assessors and board
of relief is, as a whole, excessive and unjust, the court ought not to
increase such valuation. Subject to these limitations, however, there
is no reason why the valuation of one or more items on the list may
not be changed by the court to accord with the actual value of the
property as shown by the evidence.

Where, upon such an appeal, the taxpayer alleged in his complaint that
a rule had been adopted by the assessors and board of relief to assess
property at a fractional part of its actual value, and that his assessment
was disproportionate to the other assessments in the town, it was *held*
that evidence in respect to the rate of valuation placed by the assess-
ors on other like property was admissible in support of that claim.

One of the items on the plaintiff's list given in to the assessors was prop-
erty "invested in mechanical and manufacturing operations." *Held*
that under such item the material in its mills in process of manu-
facture was properly taxable.

[Submitted on briefs January 2d—decided January 18th, 1895.]

ACTION in the nature of an appeal from the doings of the
board of relief of the town of New Hartford, brought to
the Superior Court in Litchfield County, and referred by
agreement of the parties to the Hon. Dwight Loomis, State
Referee, to hear and report the facts; facts found and case
reserved thereon for the consideration and advice of this
court. *Judgment advised for the defendant.*

Upon the trial the following facts were found by the State
Referee, whose report was duly accepted by the Superior
Court:—

" The plaintiff, before the first day of November, 1891, and
after the first day of October of that year, caused to be made
a written or printed list of its property duly sworn to, and
presented the same to the assessors of said town of New Hart-

ford. The assessors of said town altered said list as presented by the plaintiff by adding to the valuation in three items only, viz : the valuation of the dwelling-houses, store and temperance hall, was raised from $45,000 to $49,800 ; the four mills were raised from $130,000 to $190,000 ; the amount invested in mechanical and manufacturing operations was raised from $65,000 to $71,000. The plaintiff appealed from the doings of the assessors in raising said valuations to the board of relief of said town who refused to change the valuations as made by the assessors.

" I find that the actual value of said dwelling-houses, store and hall, on the first day of October, 1891, was the sum of forty-eight thousand dollars ; that the actual value of said four mills on said date was one hundred and seventy thousand dollars ; and that the actual value of the investment in mechanical and manufacturing operations was at least seventy-one thousand dollars.

" And if the court shall deem the fact material and relevant, I further find from evidence, received subject to objection, that there were on the first day of October, 1891, in the mills and machinery of the plaintiffs, in said town, materials in the process of manufacture of the actual value of twenty-nine thousand dollars in addition to the valuations previously mentioned.

" If the court shall consider the following facts relevant and material, I further find that after the manufacture of goods is completed by the plaintiffs at New Hartford they are deposited in their store in the city and State of New York and there kept for sale, and on the first of October, 1891, the goods of the plaintiffs in said store amounted in value to the sum of sixty thousand dollars which was the fair average amount there kept for the year. There was no evidence to show whether or not the goods in question were taxed in the State of New York to the same extent as other like property, except the presumption in favor of such taxation. The question as to such presumption and the admissibility of the evidence to show the facts aforesaid are submitted to the court for its determination.

"In regard to the issue presented by the plaintiff's claim that their assessment was disproportionate to other assessments in said town, I do not find that there was any rule adopted by the assessors or board of relief in said town that the property in the town should be entered in the list and assessed at some fractional part of its actual value.

"The plaintiff offered evidence covering some fifty different pieces of property owned by different persons, located contiguously along one of the main streets of the defendant town and near the plaintiff's mills, being mostly residence property, to show that the same was put into the list of October 1st, 1891, and allowed to remain by the assessors and board of relief at much less than the actual value. All this evidence was objected to by counsel for the defendant, but was received by consent of the parties subject to the objection and the opinion of the court thereon. If the court shall consider it admissible, I find that the property above referred to, was assessed in the list of October 1st, 1891, at an average valuation not exceeding four fifths of the actual value at that date. I further find from evidence received subject to the same objection, that a certain large manufacturing property situated in another part of the defendant town was assessed in the list of October 1st, 1891, at not over two thirds its actual value. All questions of law arising upon the foregoing facts are submitted to the court."

*Jared B. Foster, Donald T. Warner, Howard F. Landon, Elisha Carpenter* and *Frank B. Williams,* for the plaintiff.

*Charles E. Perkins, Wellington B. Smith* and *Frank B. Munn,* for the defendant.

ANDREWS, C. J. The evidence in respect to the rate of valuation placed by the assessors on other dwelling-houses and mills in the defendant town, was properly admitted to enable the referee to determine whether "there was any rule adopted by the assessors or board of relief that the property in that town should be entered in the list and assessed at

some fractional part of its value." It was used for that purpose and, so far as is disclosed, for no other.

The General Statutes, § 3860, provides that: "Any person claiming to be aggrieved by the action of the board of relief in any town, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the Superior Court of the county in which such town is situate, which shall be accompanied by a citation" etc. etc. And § 3863 enacts that "Said court shall have power to grant such relief as shall to justice and equity appertain, upon such terms and in such manner and form as appears equitable, and if the application appears to be without probable cause, may tax double or triple costs, as the case shall appear to demand, and upon such applications costs may be taxed at the discretion of the court."

An appeal means the removal of a cause from a lower to a higher tribunal for re-trial or review. Anderson's Law Dict., *in verb.; Leach* v. *Blakely*, 34 Vt., 134; *Styles* v. *Tyler*, 64 Conn., 457. We suppose the legislature used that word, in the statutes cited, with this meaning, and intended that upon the trial of an application like this one, the Superior Court should be an appellate board of relief and have power to do anything to equalize and adjust the applicant's assessment list which the board of relief from whose doings the appeal was taken might lawfully have done, provided it is within the pleadings and provided it appertains to justice and equity.

The appeal in this case is taken from the assessment as a whole, not from any one or more items in the list. The application avers that the applicant made out its list "being all of its taxable property in said town of New Hartford, at its just and true valuation, to wit: at the sum of $250,500." That the assessors "increased the valuation of said property to the amount of $321,300 and caused the same to be set in the grand list of said town at said sum." That said board of relief of said town refused to make any "reduction from the said assessed value of its said property, and confirmed the doings of said assessors." That the valuation of the

assessors was "unfair, unreasonable and unjust, and that the action of the board of relief in refusing to reduce said valuation to the amount returned to the assessors by the complainant, was unjust, unfair, and unreasonable, and therefore illegal."

This appeal is from such action of the board of relief. And although on the hearing before the referee the evidence was directed to only three items, the judgment must be upon the assessment as a whole, and not upon these items, except as they are constituent parts of the whole. The issue is whether or not the total valuation of the applicant's property, as fixed by the board of relief, is too great. It was held in *Randell* v. *Bridgeport*, 63 Conn., 321, that the Superior Court upon an appeal by a taxpayer should not reduce the valuation of his property below the amount he had himself placed upon it. This rule is a proper one, and we think should be followed. On the other hand, it may be fairly argued that the valuation of a taxpayer's property ought not to be placed by the Superior Court at any higher sum than the board of relief has fixed. Upon such an appeal the valuation made by the board of relief is a part of the pleadings. The contention of the parties is confined within these limits: the appellant claims that the amount of its tax assessment should be the value he had placed upon his property; the town on the contrary claims that the amount should remain at the sum fixed by the assessors and approved by the board of relief. In this case we think the valuation of the appellant's property should not, as a whole, be placed higher than the board of relief valued it. But, between the limits indicated, there is no reason why the valuation of one or more items on the list may not be changed by the Superior Court as fully as it could have been done by the board of relief of New Hartford. The statutes give the most ample power to the Superior Court in this respect.

We agree with counsel for the appellant that the valuation put on the dwelling-houses, stone building and hall, should be reduced from $49,800 to $48,000; and that the valuation on the four mills should be reduced from $190,000

to $170,000; because these sums are the actual value of this property as found by the referee, and because fairness, justice and equity require it to be done. And we see no reason why the value of the property invested in mechanical and manufacturing operations, in which should be included all the material in the mills in the process of manufacture, may not be increased to any sum not exceeding its actual value, which will not make the total assessment greater than the total fixed by the board of relief. The same fairness, justice and equity, which required the lessening of the former items, requires the increasing of this one.

The value of the goods in New York cannot be considered. There is nothing averred in the application or in the answer which makes them a part of the case before the Superior Court.

The Superior Court is advised to render judgment that the valuation in the list on the appellant's property be changed as follows: 67 dwelling-houses, 1 stone building, 1 temperance hall, from $49,800 to $48,000; 4 mills, from $190,000 to $170,000; property invested in mechanical and manufacturing operations, from $71,000 to $92,800; and thereupon to dismiss the appeal, with single costs in favor of the town.

In this opinion the other judges concurred.