## ARNOLD SCHLAET
## APPEAL FROM BOARD OF RELIEF
## OF THE TOWN OF WESTPORT

Superior Court          Fairfield County          File #44601
          Present:   Hon. FRANK P. McEVOY, Judge.
Davis, Davis & Davis,          Attorneys for the Plaintiff.
Harry Sherwood,
Hereward Wake,          Attorneys for the Defendant.

### MEMORANDUM FILED MARCH 25, 1935.

McEVOY, J.   This is an appeal from the action of the Board of Relief of the Town of Westport as of October 1, 1933, in connection with the assessment upon the land and buildings of the appellant situated in the Town of Westport.

On October 7, 1933, the appellant subscribed and swore to a list of his taxable property, which was duly filed with the Board of Assessors of the Town of Westport.

The items of taxable property so listed by the appellant and the values placed thereon by the Board of Assessors were as follows:

| | |
|---|---:|
| Dwelling House | $112,500.00 |
| Bungalow | 4,500.00 |
| Cottage | 3,150.00 |
| Stable and garage | 22,500.00 |
| Barn | 4,500.00 |
| Greenhouse | 3,150.00 |
| Boat house, bath house and dock | 6,750.00 |
| Shed and spring house | 900.00 |
| Reservoir | 675.00 |
| Dog Kennel | 1,575.00 |
| About two acres of land | 7,200.00 |
| About twenty acres of land | 36,000.00 |
| About eighteen acres of land | 64,800.00 |
| Various personal estate | 7,075.00 |
| Total | $275,275.00 |

Thereafter the Board of Relief reviewed the action of the Board of Assessors and confirmed all of the values placed upon the property of the appellant except as follows:

Item 3—cottage     —reduced from  $3,150.00 to $1,150.00
Item 6—greenhouse  —reduced from   3,150.00 to  2,650.00
Item 7—boat house and dock—
                    reduced from   6,750.00 to  5,500.00
Item 10—kennel     —reduced from   1,575.00 to  1,000.00

Upon the trial of this action, in this court, it appeared that on October 29, 1917, the appellant wrote to one of the assessors a letter **(Exhibit E)** in which the appellant set out the cost, to him, of the erection of the principal buildings then standing upon his estate.

On October 5, 1933, the appellant wrote to the Board of Assessors a letter **(Exhibit D)** in which he set out his own opinion and estimate of the cost and the fair value of eight of the principal buildings then standing upon his estate.

Each of these letters dealt expressly with the value of the buildings. Neither letter referred to the value of the land as such, nor was any written complaint made at any time by the appellant as to the value placed upon his land by the assessors for the Board of Relief.

Upon the trial the lowest estimate of the value of the land testified to by any witness introduced by the appellant was $120,000.00. That is, there was no direct testimony otherwise by any witness introduced by the appellant.

The 1933 assessment value of the appellant's land was $108,000.00.

It is inferentially claimed by the Town of Westport that this Court should fix the value of the land at not less than $120,000.00—the lowest figure directly testified to by any witness offered by the appellant.

In support of this claim the Town of Westport cites the **Greenwoods Company vs. The Town of New Hartford, 65 Conn. 461,** to the effect that the Superior Court upon an appeal by a taxpayer should not reduce the valuation of his property below the amount he had himself placed upon it, citing **Randell vs. Bridgeport, 63 Conn. 321.**

It is true that, in the Randell case, our Supreme Court said:

"Inasmuch as the appellant valued the property for the purposes of taxation at $68,750.00, we advise the Superior Court not to reduce the assessment below that amount."

If the only evidence before this Court upon the question of the value of the land was that of the witnesses who tes-

tified in behalf of the appellant and if they had limited their entire testimony to a value of $120,000.00, the Court should take that into consideration, but it would not be entirely bound by it.

In Paragraph 3 of his appeal the appellant set out the items of land upon which he was assessed.

In Paragraph 4 of his appeal the appellant alleged that the action of the Board of Assessors in valuing his property "at the sum total thereof" is unjust and unreasonable.

The assessment lists from 1911 to 1933 were introduced in evidence as exhibits without objection.

Upon the list for 1928 it appears that the land of the plaintiff was assessed for $100,000.00, and for 1929 at $120,000.00.

Witnesses offered by the appellant testified that real estate values in Westport had declined 40% since 1929.

The assessments from 1911 to 1933, upon the land formerly owned by the wife of the appellant and now owned by him, were as follows:

| | |
|---|---|
| 1911 to 1919, inclusive | $40,000.00 |
| 1920 to 1924, inclusive | 55,000.00 |
| 1925 to 1926, inclusive | 70,000.00 |
| 1927 to 1928, inclusive | 100,000.00 |
| 1929, 1930, 1931 | 120,000.00 |
| 1932, 1933 | 108,000.00 |

One of the assessors testified, on behalf of the appellee, that the true and just value of the appellant's land in October, 1933, was $108,000.00.

It also appears in the evidence that the Board of Relief fixed the value of the land of the appellant, in October, 1933, at $108,000.00.

In the **Greenwoods Company case—65 Conn. 461, at Page 464** our Supreme Court said:

"An appeal means the removal of a cause from a lower to a higher tribunal for retrial or review. We suppose the legislature used that word, in the statutes cited, with this meaning, and intended that upon the trial of an application like this one, the Superior Court should be an appellate board of relief and have power to do anything to equalize and adjust the applicant's assessment list which the board of relief from whose doings the appeal was taken might lawfully have done, provided it is within the pleadings and provided it appertains to justice and equity."

At Page 465: "Upon such an appeal the valuation made by the board of relief is a part of the pleadings . . . . al-

though on the hearing before the referee the evidence was directed to only three items, the judgment must be upon the assessment as a whole, and not upon these items, except as they are constituent parts of the whole. The issue is whether or not the total valuation of the applicant's property, as fixed by the board of relief, is too great . . . . On the other hand, it may be fairly argued that the valuation of a taxpayer's property ought not to be placed by the Superior Court at any higher sum than the board of relief has fixed."

In **Section 1143, Revision 1930,** under the heading "Real Estate Liable to Taxation," it is provided, substantially, that land and buildings be set in the tax list "at their present true and actual valuation."

The rule of valuation is defined in **Section 1149—Revision 1930**—as follows:

"The present true and actual value of any estate shall be deemed by all assessors and boards of relief to be the fair market value thereof, and not its value at a forced or auction sale."

"Ordinarily market value means a price fixed by sales in the way of ordinary business, and is established when other property of the same kind has been bought and sold in so many instances that a value may be reasonably be inferred. The term contains the conception of a market, or conditions, in which there may be found a willing seller and a willing and able purchaser. The phrase connotes selling and buying without constraint or compulsion."

**Underwood Typewriter Co. vs. Hartford, 99 Conn. 329 at Page 334.**

I the instant case there was no evidence as to "market value".

It definitely appeared that there had been no recent sales.

"But it does not follow that when the tax assessors cannot ascertain the market value of certain property, they cannot determine the valuation of that property for legal taxation. If the rule of taxation provided by statute cannot be applied, the law still commands that all property liable to taxation shall be put in the owner's list at its present true and actual valuation. The general law is not nullified or modified by the particular statute which lays down a rule of valuation. But the law never requires the impossible. Hence, if the rule indicated cannot be followed, other means must and may be found by which the assessors can perform the duty the law has put upon them. One of the means which have been

approved and sometimes used is to ascertain the original cost of construction and improvements, deducting therefrom depreciation, and adding the increase in cost of materials and labor, if at the time of valuation there is such increase over the cost at the time of construction. Another method frequently adopted is to determine what it will cost to reproduce the plant, or the cost of replacement at the time of valuation, and to deduct therefrom for depreciation in the existing plant. Both methods may be and have often been resorted to and considered in fixing present true and actual value."

**Underwood Typewriter Co. vs. Hartford, 99 Conn.**
**At Page 337.**

"The market value may be the same as the actual value of a given property."

**Ford vs. Dubiske & Co., 105 Conn. 572 at 579.**

In 1911 the index figure for buildings was 93.43. In 1912 it was 90.7. On October 1, 1933, it was 187.74.

Upon the trial there was a decided conflict of the evidence. I find that the value of the land of the appellant as of October 1, 1933, was $108,000.00.

There was practically no dispute as to the time when the various buildings were erected and their then cost.

There was abundant evidence as to present value, deterioration, obsolescence, cost of reproduction, outmoding, and so forth.

Upon this conflicting evidence I find that the present true and actual value of these buildings as of October 1, 1933, was:

| | | |
|---|---|---|
| 1. | Dwelling | $100,000.00 |
| 2. | Bungalow | 4,000.00 |
| 3. | Cottage | 1,500.00 |
| 4. | Stable and garage | 20,000.00 |
| 5. | Barn | 2,500.00 |
| 6. | Greenhouse | 2,300.00 |
| 7. | Boat house, etc. | 4,500.00 |
| 8. | Shed and Spring house | 800.00 |
| 9. | Reservoir | 600.00 |
| 10. | Dog Kennel | 1,000.00 |

For the convenience of counsel I have enumerated these buildings in the same chronological order in which they were enumerated in the appeal.

Judgment may be entered accordingly.