CRANE COMPANY
vs.
CITY OF BRIDGEPORT

Superior Court          Fairfield County          File #22981½

MEMORANDUM FILED MAY 3, 1938.

Marsh, Stoddard & Day, of Bridgeport, for the Plaintiff.

David Goldstein, of Bridgeport, for the Defendant.

QUINLAN, J. A stipulation of facts embodies the essential facts in the case.

The issues may be succinctly stated as follows:

What is the effect of a taxpayer's having placed valuations on certain items contained in his tax list at the time of filing said list in a subsequent appeal to the Superior Court from the action of the Board of Relief in valuing said items?

(a) Does it prevent the taxpayer from showing that the true and actual value is less than the valuation placed by him against these items in the "Valuation per owner" column of his tax list?

(b) Does it prevent the Superior Court from reducing the assessed valuation of these items to their true and actual valuation where such valuation is less than the valuation placed against said items by the taxpayer in his tax list?

The rule of valuation is stated in section 1149 of the General Statutes, Revision of 1930, to wit: The present, true and actual value of any estate shall be deemed by all assessors and boards of relief to be the fair market value thereof, and not its value at a forced or auction sale.

Among the stipulated facts it appears that "the fair value for assessment purposes of the land owned by plaintiff on October 1, 1920 and set forth in its tax list, was $490,282 and it was assessed at said figure on the tax lists of 1921, 1922, 1923."

There are cited in support of the defendant's position, to wit: It is the claim of the City of Bridgeport that because the taxpayer placed a lump sum valuation on the item of land and buildings at the time of filing its list, the Superior Court, in an appeal from the Board of Relief, cannot reduce the valuation placed upon the item of land by the Board of Relief to its

true and actual value, where the effect of such reduction will be to reduce the total valuation of land and buildings to a sum which is less than the valuation placed thereon by the taxpayer in his tax list. The cases of *Randall vs. City of Bridgeport,* 63 Conn. 321 and *Greenwoods Company vs. Town of New Hartford,* 65 Conn. 461.

The Randell case presented such a situation as to put the Supreme Court, as that court said, "in a dilemma." I do not think it is authority for the proposition stated, in view of the facts of this case. The owner placed no valuation on the land in this case, and the total assessed valuation of plaintiff's property will not be reduced by the requested reduction below the total valuation placed thereon by the plaintiff. I speak of a requested reduction. In fact the reduction was granted and the tax paid in pursuance of a certificate of error and the relief sought here is under section 6 of Special Act No. 299, Special Laws 1925.

In the Greenwoods case the Court said (pp. 464, 465): "The appeal in this case is taken from the assessment as a whole, not from any one or more items in the list. The issue is whether or not the total valuation of the applicant's property, as fixed by the board of relief, is too great." Certainly the issue was not as to a reduction below the owner's valuation.

If the Supreme Court was "in a dilemma" in the Randell case, isn't any trial tribunal in a dilemma if it undertakes to follow the statutory rule for value, which is defined to be the present, true and actual valuation, and is confronted by the contention that while that may be the law, you cannot reduce below the owner's valuation? Here we have the additional inescapable fact that the fair value for assessment purposes is $490,282 (see agreed statement of facts).

Again, there is nothing in the law requiring an owner to state a valuation. Moreover, there are the guiding, though not controlling, memoranda of Judges Dickenson and McEvoy. *Pope Foundation, Inc. vs. New York, N. H. & H. R. Co.,* 106 Conn. 423.

Memorandum of decision, Dickenson, J., Records & Briefs, 1st District, May Term, 1927, part page 578: "That the property in question had a market value cannot be disputed, for both parties have offered evidence of such value. . . . It is perhaps to be expected that a real estate owner will be modest

in estimating the value of his property for purposes of taxation, but when he or his authorized agent swears to a valuation *he can hardly complain if his estimate is given some probative effect.*" Is, then, an owner's valuation anything more than evidential?

And again, in *Schlaet vs. Board of Relief, Town of Westport,* 1 Conn. Sup., 112, McEvoy, J., citing the Randell & Greenwoods cases, said (p. 113): "It is true that, in the Randell case, our Supreme Court said: 'Inasmuch as the appellant valued the property for the purposes of taxation at $68,750.00, we advise the Superior Court not to reduce the assessment below that amount.' If the only evidence before this Court upon the question of the value of the land was that of the witnesses who testified in behalf of the appellant and if they had limited their entire testimony to a value of $120,000.00, *the court should take that into consideration, but it would not be entirely bound by it.*"

This suggests the evidential idea to which I have referred. But in the end the Court comes to the solemn task of performing a statutory duty. This it cannot avoid.

Extreme cases could be thought of, viz.: A scrupulous person who loaned against himself, an inexperienced woman, or the opposite type of person who sensed a public improvement and grossly overvalued his property preferring to pay heavy taxes for a year or so, with the fixed thought that his property would have to be acquired at high or exorbitant figures. Must it be said that the Court should abide by such a valuation?

In my opinion, the history of this assessment, the issuance of the certificate of error, the payment of the tax thereon, furnish considerations, in the light of the law, dictating that justice and equity require plaintiff's assessment be reduced by the amount fixed in the certificate of error, to wit: $75,000.

Judgment for plaintiff.