RAYMOND O. STAPLES v. BERNARD LUCAS

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued May 11—decided June 7, 1955

*Cornelius D. Shea,* for the appellant (defendant).

*William S. Gordon,* with whom, on the brief, were *Gustav P. Nordstrom* and *Edward C. Wynne,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff brought this action, pursuant to § 4307 of the General Statutes,[1] to recover damages for personal injuries which he claimed were caused by the intoxication of a person to whom the defendant had sold alcoholic liquor when

---

[1] "Sec. 4307. LIQUOR SELLER LIABLE FOR DAMAGE BY INTOXICATED PERSON. If any person, by himself or his agent, shall sell any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, shall thereafter injure the person or property of another, such seller shall pay just damages to the person injured, to be recovered in an action under this section."

that person was in an intoxicated condition. The defendant pleaded a general denial and, in a special defense, the one-year Statute of Limitations, § 8324. The plaintiff demurred to the special defense, and the trial court sustained the demurrer. After trial to the court a judgment was rendered for the plaintiff, and the defendant has appealed.

The facts are as follows: The plaintiff was struck and injured by an automobile operated by Henrietta Warner when he was crossing Franklin Avenue in Hartford at 10 p.m. on November 3, 1950. The defendant, Bernard Lucas, was the owner and permittee of a restaurant and tavern on Franklin Avenue. The only people who worked there were the defendant and his wife and two bartenders. Mrs. Lucas worked in the kitchen during the day. One bartender worked full time during the day and the other part time at night. Shortly before the accident, Mrs. Warner had entered the defendant's restaurant and tavern and ordered a glass of beer. She had been drinking beer elsewhere and was intoxicated. The defendant, or a waiter employed by him, served her a glass of beer, which she paid for and drank. She left the tavern, entered an automobile and had driven it a short distance on Franklin Avenue when she struck the plaintiff. At the time of the accident and immediately afterwards she was intoxicated. The plaintiff's injuries were the consequence of her intoxication. This action was instituted by a writ, summons and complaint served upon the defendant on November 18, 1952. The trial court concluded that the defendant, by himself or his agent, had sold alcoholic liquor to Henrietta Warner while she was intoxicated and that the plaintiff's injuries were the consequence of her intoxication, and ordered judgment entered for the plaintiff.

The appeal presents two questions of law: (1) Does the one-year limitation for an action for damages imposed by General Statutes, § 8324, bar this action? (2) Is the finding that the defendant, by himself or his agent, sold alcoholic liquor to Henrietta Warner while she was intoxicated sufficient to fix liability on the defendant under § 4307?

Section 8316 of the General Statutes imposes a three-year limitation upon all actions "founded upon a tort." The pertinent provisions of § 8324 state that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, chiropodist, chiropractor, hospital or sanatorium, . . . shall be brought but within one year from the date of the act or omission complained of." In *Tuohey* v. *Martinjak,* 119 Conn. 500, 177 A. 721, we reviewed the legislative history of the precursors of these two sections, which were then §§ 6006 and 6015 of the Revision of 1930. We held (p. 507) that § 6015, presently § 8324, applied to all actions to recover damages for injury to the person, whether or not that injury was caused by negligence. This holding was by reason of the fact that in § 6015 there was no comma after the word "property," so that the phrase "caused by negligence" qualified only "injury to personal property," and not "injury to the person." Id., 503. In an amendment of the statute adopted in 1935, a comma was inserted after the word "property." Cum. Sup. 1935, § 1680c. The effect of this punctuation was to make the phrase "caused by negligence" qualify the phrase "injury to the person" as well as the phrase "injury . . . to real or personal property." This amendment nullified the interpretation of the statute made in the *Tuohey* case. *Anti-*

*nozzi* v. *D. V. Frione & Co.,* 137 Conn. 577, 579, 79 A.2d 598; see *Lametta* v. *Connecticut Light & Power Co.,* 139 Conn. 218, 219, 92 A.2d 731. An action for injury to the person, as well as one for injury to real or personal property, falls within the one-year limitation imposed by § 8324 only if the injury is caused by negligence or by reckless or wanton misconduct or by malpractice.

The defendant argues that § 8324 applies in the case at bar because the plaintiff's injuries were caused by negligence or wanton misconduct. The gravamen of the plaintiff's cause of action is not negligence or wanton misconduct but rather a violation of § 4307.[2] This statute establishes a cause of action based upon a specified course of conduct and the consequences of such conduct. It creates a new tort liability which is subject to the three-year limitation fixed by § 8316 for tort actions not caused by negligence. The court properly sustained the demurrer.

The defendant contends that the court's finding that "[t]he defendant, or a waiter employed by the defendant," and its conclusion that "[t]he defendant, by himself or his agent," sold alcoholic liquor to Mrs. Warner, without specifying which one, is not sufficient to fasten liability upon him. The complaint alleged that "the Defendant, acting himself or through one of his agents," sold the alcoholic liquor to an intoxicated person. No more specific statement of this alternative allegation was demanded. A sale by either one meets the requirement of the statute. It could not advantage the defendant to

---

[2] The substance of this statute, enacted in 1933 (Cum. Sup. 1935, § 1088c), is not new. A similar statute was in force prior to the period of national prohibition. Public Acts 1882, c. 107, pt. 6, § 12; Rev. 1918, § 2815.

claim that not he, but his waiter or bartender, sold the alcoholic liquor unless he was prepared to prove that it was sold by his employee in violation of his instructions and without his knowledge—a defense not offered in this case. *State* v. *Lamperelli,* 141 Conn. 430, 435, 106 A.2d 762. The sale was made in the defendant's restaurant and tavern. Only the defendant, his wife and two bartenders were employed there at the time. These facts are sufficient to support a conclusion that a sale was made by the defendant or his authorized agent, within the statute. *State* v. *Lamperelli,* supra; *Barnes* v. *State,* 19 Conn. 398, 406.

There is no error.

In this opinion the other judges concurred.