JUANITA S. MAYNARD ET AL. *v.* NEW HAVEN GAS COMPANY ET AL.

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 80471

Memorandum filed October 22, 1955.

*Harry Koletsky* and *Jacobs, Jacobs & Jacobs,* both of New Haven, for the plaintiffs.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for the defendant New Haven Gas Company.

*George W. Crawford,* corporation counsel, *B. Fred Damiani* and *Harold M. Mulvey,* assistants corporation counsel, all of New Haven, for the defendant city of New Haven.

KING, J. This is an action seeking damages for injuries to person and property alleged to have been sustained as a result of the explosion of gas, escaping from a gas main and entering the home of the plaintiffs in New Haven. The defendants are the New Haven Gas Company, which distributes gas to the inhabitants of New Haven, including the plaintiffs; the Algonquin Gas Transmission Company, which, as a wholesaler, supplies gas to the defendant New Haven Gas Company; the city of New Haven; and the state highway commissioner. This demurrer is addressed solely to the special defense of the defendant New Haven Gas Company. While the prayers for relief throw some doubt on the matter, the parties presented the demurrer on the theory that the first count, only, alleged any cause of action against the defendant New Haven Gas Company. The court accepts this construction of the complaint, especially since the result would be the same whether or not any other counts apply to this defendant.

The cause of action alleged as to the defendant New Haven Gas Company in count one sounds in negligence and in nuisance. Paragraph twelve of count one alleges that "by reason of the carelessness and negligence" of the defendant New Haven Gas Company, the respective plaintiffs sustained certain elements of damage. Nowhere in paragraph twelve is the word "nuisance" used. Assuming that this does not operate as an abandonment of the cause

of action under the first count in nuisance against this defendant, as to which the court expresses no opinion, the most that can be said is that it amounts to an allegation of a so-called "negligent nuisance." This constitutes an assumption of the burden, otherwise cast on a defendant, of proving that a nuisance had its origin in negligence. *Warren* v. *Bridgeport,* 129 Conn. 355, 360. Apparently this pleading was an inadvertence and it is called to plaintiffs' attention in order to afford opportunity for correction. *Rix* v. *Stone,* 115 Conn. 658, 664.

The defendant, in an amendment to its original answer, pleaded a special defense as follows: "Any injuries or property damage which may be found to have been proximately caused by any acts or omissions of this defendant which occurred prior to August 23, 1953, would be damages and injuries arising from a claimed act or omission occurring more than one year prior to the bringing of said action and are barred by the Statute of Limitations in such case made and provided."

To this special defense the plaintiffs interposed a demurrer the gist of which is that the Statute of Limitations begins to run, not from the time of the occurrence of the act or omission complained of, but from the time when such act or omission first became actionable by producing injury or damage.

The situation is confused because the one-year Statute of Limitations (General Statutes § 8324) would not apply to a cause of action in nuisance, at least to one in nuisance not arising from negligence. *Antinozzi* v. *D. V. Frione & Co.,* 137 Conn. 577, 578; *Staples* v. *Lucas,* 142 Conn. 452, 456. The special defense of the answer alleging the Statute of Limitations makes no differentiation between the two causes of action in count one of the complaint. The same confusion exists in the demurrer, which does

not question the applicability of the one-year statute to both causes of action (negligence and nuisance). With some hesitation and rather against its better judgment, the court is ignoring the technical shortcomings and taking the demurrer as presented by the parties.

So considered, the basic claim raised by the plaintiffs' demurrer is that there can be no cause of action until an actionable wrong has arisen which could be sued upon; that prior to that time there is nothing upon which the Statute of Limitations (whether the three-year or one-year statute) can operate, since a Statute of Limitations merely limits the time, after the accrual of a right of action, in which suit may be brought upon it.

There would be no question that this claim would have been correct under the law as it stood prior to 1935. Section 6015 of the Revision of 1930 (which was the forerunner of what is now § 8324) provided that the one-year period ran from "the date of the injury or neglect complained of." *Bank of Hartford County* v. *Waterman,* 26 Conn. 324, 331; *Kennedy* v. *Johns-Manville Sales Corporation,* 135 Conn. 176, 178. But in 1935 the statute (now § 8324) was broadened so as to apply not merely to injuries to the person, but also to those to real or personal property, and was limited to those caused by negligence and certain other enumerated torts, not including nuisance. Cum. Sup. 1935, § 1680c; *Staples* v. *Lucas,* 142 Conn. 452, 456. All other tort matters (such as nuisance, at least when not arising from negligence) were left to be included in the general tort statute (now § 8316) which allows an action in tort to be instituted at any time within three years from the date of the act or omission complained of. Ibid. The material change as far as this demurrer is concerned, however, was in making the period of limitation run from the date of "the act or omission com-

plained of" instead of from the date of the "injury or neglect" complained of. The same change in language ("act or omission complained of") was made in what is now the three-year general tort statute, § 8316, although prior to the change that statute (Rev. 1930, § 6006) had read "next after the right of action shall accrue." Cum. Sup. 1935, § 1677c. It is also important to note that what is now § 8316 was, by the same amendment, changed from a six-year to a three-year statute of limitations. Ibid.

The General Assembly is presumed to have intended a change in each statute when it deliberately changed the wording of each. It is pretty obvious that the 1935 General Assembly felt that the public needed additional protection against the difficulties in the way of defending suits based on torts claimed to have been committed long in the past, and that weighing this evil against the possible harm accruing to a plaintiff in the rare case where his right of action was barred by the Statute of Limitations before such right of action had come into existence, it decided none the less to make the date of the tort (regardless of the date of actionable injuries resulting from the tort) the decisive date for the commencement of the running of the statute. *Lametta* v. *Connecticut Light & Power Co.,* 139 Conn. 218, 219. This legislative point of view was further manifested by the reduction from six to three years in the period of limitation of the general tort statute, now § 8316.

It is true that such a construction should not be reached on equivocal language. But the language used in the 1935 amendments to each tort limitation statute, when contrasted with the language respectively used in each statute prior to such amendments, leaves little room for doubt in the matter. In no other way can effect be given to the drastic change in the wording of both tort statutes of limitation.

*Thomas Iron Co.* v. *Ensign-Bickford Co.*, 131 Conn. 665, 671; *Tralli* v. *Triple X Stores, Inc.*, 19 Conn. Sup. 293, 299.

From the practical point of view there is no more injustice than in the more frequent case where the injury, although actionable, is unknown and, practically speaking unascertainable, until after the Statute of Limitations has run. See, for example, such cases as *Giambozi* v. *Peters,* 127 Conn. 380, 384, and *Kennedy* v. *Johns-Manville Sales Corporation,* 135 Conn. 176, 179.

It is the court's conclusion that § 8324 applies, at least in so far as the cause of action against this defendant sounds in negligence; that under this statute an action sounding in negligence must be instituted within one year of the act or omission complained of; that in so far as that is not the case here the Statute of Limitations is a good defense; and that in order to take advantage of it the defendant must, under Practice Book § 102, as it did, allege it as a special defense. It follows that the demurrer to the special defense must be overruled. This is apart from the fact that the special defense does not distinguish between a cause of action in nuisance and one in negligence, a matter not raised by the demurrer. However, in order to avoid misunderstanding, it should be noted that nothing herein is intended to, or does, hold the one-year statute applicable to a cause of action in nuisance.

It is probably only fair to state that the writer of this opinion decided this basic question in substantial accordance with the plaintiffs' claims here in a memorandum of decision dated January 8, 1947, and filed in the Superior Court for Fairfield County in the unreported case of *Hathaway* v. *General Merchandise & Hardware Co.*, No. 72724. The reasoning adopted was fundamentally that set forth

five years later, with more elaboration, in the dissenting opinion in *Dincher* v. *Marlin Firearms Co.*, 198 F.2d 821, 823. Further consideration has induced a change of mind, and the writer is now following the reasoning of the majority opinion in the *Dincher* case. However, the question is not wholly free from doubt.

The plaintiffs' demurrer to the special defense in the amended answer of the defendant New Haven Gas Company is overruled.