Otto J. Saur, Administrator (Estate of Elizabeth K. M. Burns) *v.* Hugh B. Tobin

Superior Court     Fairfield County     File No. 114140
AT BRIDGEPORT

Otto J. Saur, Administrator (Estate of Janet Kirkham) *v.* Hugh B. Tobin

Superior Court     Fairfield County     File No. 114139
AT BRIDGEPORT

Memorandum filed October 31, 1961

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the plaintiff.

*Peter J. Weissman,* of Stamford, for the defendant.

Troland, J. The complaint attempts to allege a cause of action created and authorized under the provisions of § 30-102 of the General Statutes, as amended. On July 14, 1960, plaintiff's decedent was a passenger in an automobile driven by John Lucashu and was killed in a collision with another vehicle. It is alleged that Lucashu was intoxicated earlier that evening and that while so intoxicated he had been sold alcoholic beverages by the defendant Hugh B. Tobin, or his agent, in a restaurant operated by said Tobin and that thereafter the collision which caused the death of his passenger was due to the intoxicated condition of Lucashu. Notice

of intention to bring an action under § 30-102 was not given by the plaintiff to Hugh B. Tobin until November 28, 1960, 106 days after the injury sustained by plaintiff's decedent.

Section 30-102 creates a right of action which did not exist at common law. It establishes a cause of action against the seller of intoxicating liquor upon proof of four essentials: (1) a sale of intoxicating liquor (2) to an intoxicated person (3) who, in consequence of such intoxication, causes injury to the person or property of another, provided (4) the aggrieved person shall give written notice to such seller, within ninety days of the occurrence of such injury to person or property, of his intention to bring an action under this section.

The plaintiff was not appointed administrator until November 9, 1960, more than ninety days after the occurrence. He thereafter gave notice in other respects according to the statute but not within the time limited therein. Defendant has demurred to the complaint because the notice alleged therein does not comply with the statutory requirement. Plaintiff maintains that the provision for notice is directory not mandatory, and in any event the death of plaintiff's decedent should excuse the requirement of notice.

The court is of the opinion that the statutory provision for notice of intention to bring an action to be given within ninety days of the occurrence is an essential element of the cause of action created, a condition attached to the right to sue at all. The liability and the remedy are created by the same statute, and the limitation of the remedy is a limitation of the right. *Korb* v. *Bridgeport Gas Light Co.*, 91 Conn. 395, 397; *DeMartino* v. *Siemon*, 90 Conn. 527, 528. The language of the statute is clear and explicit, containing no exception and suggesting no

qualification. The failure of aggrieved or interested persons to secure the appointment of an administrator within the ninety days, or to give the notice, cannot affect the time limit required by the statute. *Baker* v. *Baningoso,* 134 Conn. 382, 384.

The demurrer is sustained.