Lillian ZUCKER, Adm'x, Estate of Marvin Jerome Zucker, Plaintiff-Appellee,

v.

Hugo VOGT, d/b/a Hugo's Restaurant, Defendant-Appellant.

No. 265, Docket 28540.

United States Court of Appeals
Second Circuit.

Argued Jan. 15, 1964.

Decided April 1, 1964.

Philip R. Shiff, New Haven, Conn. (Alan H. W. Shiff, New Haven, Conn., on the brief), for plaintiff-appellee.

Morgan P. Ames, Stamford, Conn. (James P. Gregory and Cummings & Lockwood, Stamford, Conn., on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, and SWAN and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

The defendant appeals from a judgment in the amount of $13,000 entered in the United States District Court for the District of Connecticut after a jury trial on a Dram Shop Act claim before District Judge T. Emmet Clarie. We find no error and affirm the judgment.

On the evening of February 22, 1961 plantiff's decedent, Marvin Zucker, was changing a tire on his taxicab in a so-called "safety island" adjacent to Exit 13 on the New York Thruway. Zucker was fatally injured when struck by an automobile operated by William Baker, Jr. A blood sample taken from Baker revealed a .20 concentration of alcohol, indicating that he was clearly intoxicated at the time of the accident. Shortly before the accident, Baker had been served and had imbibed three Manhattan cocktails at the defendant's restaurant in Stamford, Connecticut.

This action was brought under the Connecticut Dram Shop Act, Conn.Gen. Stat. § 30–102 (1958 Rev.),[1] which au-

---

1. "§ 30–102. Liquor seller liable for damage by intoxicated person

"If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty-five thousand dollars, to be recovered in an action under this section, provided the aggrieved person shall give written notice to such seller within ninety days of the occurrence of such injury to person or property of his intention to bring an action under this section. Such notice shall specify the time, the date and the person to whom such sale was made, the name and address of the person injured or whose property was damaged, and the time, date and place where the injury to person or property occurred. No action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of."

thorizes a party injured because of a second party's intoxication to recover damages from any third party who sold liquor to the second party while that party was intoxicated. Lavieri v. Ulysses, 149 Conn. 396, 180 A.2d 632 (1962). In an earlier phase of this litigation, Judge Blumenfeld, in a well reasoned opinion reported at 200 F.Supp. 340 (D.C.Conn.1961), eliminated the false conflict of laws issue [2] from this case by holding that the Connecticut Dram Shop Act properly applied to this accident, even though it occurred in New York. This issue has not been raised on appeal.

■ Federal jurisdiction rests upon diversity of citizenship, the plaintiff being a citizen of New York and the defendant a citizen of Connecticut. We therefore sit as another court of Connecticut in adjudicating the right to recover under this Connecticut statute. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

The first point urged on this appeal is that the plaintiff has failed to comply with the notice requirement of the Dram Shop Act. The statute provides that "the aggrieved person shall give written notice to such seller within ninety days of the occurrence of such injury to person or property of his intention to bring an action under this section." On April 25, 1961, after her appointment in New York as administratrix of her husband's estate and well within the ninety day period, the plaintiff notified the defendant of the circumstances of the accident and of her intention to sue under the Dram Shop Act. However, the plaintiff was not appointed ancillary administratrix in Connecticut until May 24, 1961, more than ninety days after the accident occurred. The defendant contends that the notice was invalid because the plaintiff had no legal capacity to act in any way in Connecticut for the benefit of her husband's estate until she had been appointed ancillary administratrix in Connecticut.

■■ There are no Connecticut cases directly on point. Two recent decisions of the Connecticut Superior Court display decidedly different attitudes toward the notice requirement in the Dram Shop Act. Compare Saur v. Tobin, 23 Conn. Sup. 104, 177 A.2d 225 (1961), sustaining a demurrer to a complaint which alleged that notice had been given 106 days after a fatal accident, with Saur v. Tobin, 23 Conn.Sup. 145, 178 A.2d 158 (1961), overruling a demurrer to the amended complaint, which alleged extenuating circumstances for failure to give timely notice. The Connecticut Supreme Court of Errors has recently declined an invitation to be strictly technical about the notice requirement holding that notice signed by plaintiffs' attorney rather than by the plaintiffs themselves was sufficient to satisfy the requirements of the Dram Shop Act. Lavieri v. Ulysses, supra. And in the leading case of Pierce v. Albanese, 144 Conn. 241, 129 A.2d 606, 613 (1957), the Supreme Court of Errors declared that the Dram Shop Act should be construed liberally "to suppress the mischief and advance the remedy." To uphold the technical nicety of the defendant's argument would be to advance the mischief and suppress the remedy. The purpose of the notice requirement is to enable a prospective defendant to begin marshalling his evidence while memories are still fresh. Plaintiff's notice was plainly sufficient to fulfill that function, and plaintiff, as New York administratrix, even though perhaps not yet qualified to sue in Connecticut at the time of notice,[3] must be considered a "person aggrieved" within the meaning of the statute.

2. This is a situation where there is no real conflict between Connecticut and New York law. Each state has a dram shop act and to deny effect to the Connecticut statute because Baker had an accident in New York rather than Connecticut would be to sacrifice the public policies of both states to a mechanical territorial model of choice of law principles.

3. Cf. Reilly v. Antonio Pepe Co., 108 Conn. 436, 449, 143 A. 568, 573 (1928).

The second point urged by the defendant is that a cause of action based on the Dram Shop Act does not survive the death of the injured person. The premise of this argument is that the Dram Shop Act is a penal statute. Since the Connecticut Survival of Actions Statute, Conn.Gen.Stat. § 52–599 (1958 Rev.)[4] by its own terms does not apply to any civil action based upon a penal statute, the defendant contends that the common law rule that tort actions do not survive the death of one of the parties must be applied. The difficulty with this argument lies in its basic premise. The Dram Shop Act is not a penal statute as that term is used in the Survival of Actions Statute. To be sure, the Dram Shop Act is designed to aid in the enforcement of state liquor laws as well as to protect the public and is penal in the sense that it attaches additional liability to violations of part of the Liquor Control Act, Conn.Gen.Stats. § 30–86 (1958 Rev.). But every statute imposing civil liability is penal to the extent that it requires a violator to respond in damages. The test of whether a statute is penal for the purposes of the Survival of Actions Statute is "whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual." Porpora v. City of New Haven, 122 Conn. 80, 96, 187

A. 668, 674 (1936). Where the main objective of a statute is to afford compensation for injuries rather than to punish the offender, the cause of action created by the statute will survive. Town of Waterford v. Elson, 149 F. 91 (2 Cir. 1906). The Supreme Court of Errors in Pierce v. Albanese, supra, categorized the Dram Shop Act as primarily designed to afford compensation for injuries rather than to punish offenders. "While it may be said that in one sense the statute is penal, nevertheless it is primarily remedial because it gives a remedy enforceable by an individual in a civil action and allows the recovery of damages in an amount commensurate with the injuries suffered." 129 A.2d at 612. We think it plain that a Connecticut court would hold that a cause of action created by the Dram Shop Act was primarily designed to redress a wrong to an individual and that it survives the death of the injured party.

Thirdly, the defendant contends the trial judge erred in ruling that contributory negligence does not constitute a defense in a Dram Shop action. This is still another issue which the Connecticut courts have not yet had occasion to pass on directly, but the "signposts on the road" all point to the conclusion that Connecticut will follow the general rule[5]

4. "§ 52–599. Survival of actions and causes of actions

"No cause or right of action shall be lost or destroyed by the death of any person, but it shall survive in favor of or against the executor or administrator of such deceased person. No civil action or proceeding shall abate by reason of the death of any party thereto, but it may be continued by or against the executor or administrator of such decedent. In case of the death of any party plaintiff, his executor or administrator may enter within six months thereafter and prosecute the suit in the same manner as his testator or intestate might have done if he had lived; and, in case of the death of any party defendant, the plaintiff, within one year thereafter, may apply to the court in which such suit is pending for an order to substitute such decedent's executor or administrator in the place of such

decedent, and, upon due service and return of such order, the action may proceed. The provisions of this section shall not apply to any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto; nor to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants; nor to any civil action upon a penal statute."

5. See Taylor v. Hughes, 17 Ill.App.2d 138, 149 N.E.2d 393 (1958); Douglas v. Athens Market Corp., 320 Ill.App. 40, 49 N.E.2d 834 (1943); 48 C.J.S. Intoxicating Liquors § 446, p. 724; 30 Am.Jur., Intoxicating Liquors, § 547. Cf. Galvin v. Jennings, 289 F.2d 15 (3 Cir. 1961).

and hold that contributory negligence is not a good defense in a Dram Shop action. In Staples v. Lucas, 142 Conn. 452, 115 A.2d 337, 55 A.L.R.2d 1282 (1955) the Supreme Court of Errors pointed out the gravamen of a Dram Shop Act suit is not negligence but a statutory violation. See also, Pierce v. Albanese, supra, 129 A.2d at 617. And dicta in the recent Superior Court case of Cookinham v. Sullivan, 23 Conn.Sup. 193, 179 A.2d 840 (1962) suggest that contributory negligence will not be a good defense to a Connecticut Dram Shop action. Since the action is not predicated on negligence, we affirm the trial judge's ruling that contributory negligence is not a valid defense to a Dram Shop suit.

Fourthly, the defendant urges that the Dram Shop Act is unconstitutionally vague because it does not establish standards for determining what constitutes "an intoxicated person" or the meaning of the phrase "in consequence of such intoxication." As a purveyor of liquor, defendant's claim that he cannot tell with reasonable certainty the state of mind and body commonly termed "intoxication" has a hollow ring. This precise point was settled in favor of the statute's constitutionality in Pierce v. Albanese, supra, and an appeal to the United States Supreme Court was dismissed for want of a substantial federal question. 355 U.S. 15, 78 S.Ct. 36, 2 L.Ed.2d 21 (1957). We see no merit in re-examining this contention.

Lastly, the defendant contends that the trial judge committed reversible error in excluding from evidence the complaint in the plaintiff's suit against Baker in New York. For some unknown reason, the complaint in the New York action failed to allege that Baker was operating the car while under the influence of alcohol. The defendant claims that this inept draftsmanship was admissible as an implied admission. But the complaint did allege that Baker was reckless and careless, and the defendant has cited no cases showing that drunkenness could not be proven under the pleading of recklessness. Even if drunkenness could not be so proved, the negative inference from the failure to plead drunkenness in another lawsuit is of such slight probative value, particularly when a blood sample taken from Baker's arm revealed a .20 concentration of alcohol, that the defendant was hardly harmed by the exclusion.

The judgment is affirmed.