[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#104)
This is an action in which decedent's administratrix seeks to recover for wrongful death and other damages. The complaint CT Page 315 is in six counts. Counts three and our are directed against defendant Joseph Robichaud who has moved to dismiss. For reasons hereinafter stated the motion is denied.
Although the motion to dismiss is general and not limited to any specific count, it is obvious that the motion is directed only to the third count which purports to allege a cause of action under Conn. Gen. Stat. 30-102, the Dram Shop Act. Therefore it will be considered as a motion to dismiss the third count.
The motion to dismiss is the proper pleading to assert lack of jurisdiction over the subject matter. Conn. Practice Bk. 143. Subject matter jurisdiction has been defined as the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Shea v. First Federal Savings and Loan Ass'n of New Haven, 184 Conn. 285, 288 (1981).
In her motion movant claims that the notice required under30-102 was defective in that:
 1. It was served prior to the date the Administratrix was appointed; and
 2. It was directed to a person who is neither the backer nor the owner of the bar, and therefore not the seller of alcohol.
The statutory provision for notice of intention to bring an action under 30-102, to be served within the time limited by the statute, is an essential element of the cause of action created by the legislature. The failure to give the statutory notice would constitute a defect in subject matter jurisdiction. Saur v. Tobin, 23 Conn. Sup. 104 (1961); Stevenson v. Edwards,2 Conn. Sup. 1, 2 (1963).
In this case it does not appear to be in dispute that the claimed wrongful death of plaintiff's decedent occurred on, or about, July 5, 1990. The notice in question was served on August 27, 1990. Plaintiff was appointed administratrix on September 4, 1990. Section 30-102 allows actions under its terms, ". . . provided the aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence. . ."
Here the notice was given within the sixty days limited by statute. The movant claims however that the notice is defective since at the time it was given she had not been appointed by the probate court. It is argued that she had no standing to give the notice dated September 4, 1990 and could not be considered CT Page 316 an aggrieved party until that date.
This same issue was addressed by the federal court in Zucker v. Vogt, 329 F.2d 426 (1964). In Zucker the plaintiff who had been appointed administratrix in New York gave notice within the statutory time period but before being appointed ancillary administratrix in Connecticut.
In deciding the case in favor of the administratrix the federal court noted that the supreme court of this state had declined an invitation to be strictly technical about the notice requirements of the Dram Shop Act. That court, it was noted, declared that the act should be construed liberally "to suppress the mischief and advance the remedy." The federal court stated that the purpose of the notice requirement was to enable a prospective defendant to begin marshalling his evidence while memories were still fresh. It was found that the notice in Zucker was plainly sufficient to fulfill that function. Id. at 428.
There is a difference between Zucker and the case at bar. As movant points out in Zucker plaintiff was at least administratrix in New York at the time the notice as given. In this case, plaintiff had not been appointed at all at the time of notice.
This however does not appear to be a valid distinction. The plaintiff in Zucker had no more capacity to act for decedent in this state than did plaintiff in this case. Considering the remedial purpose of the statute and the reason for the notice requirement it cannot be found that the notice here was defective because of the legal status of the plaintiff at the time it was given.
It is also noted that the complaint which could serve as a notice was served on the movant within the extended period of time allowed for the appointment of an administratrix.
Section 30-102 requires that notice of intent to bring an action under its provisions be served on the "seller" of alcoholic liquor. Here notice was served upon movant Robichaud. He claims that such notice is defective because he is not the owner or backer of the bar in question and that the owner and backer is another corporation, JR's Cafe, Inc.
Plaintiff has submitted evidence, which does not appear to be in dispute that Mr. Robichaud, on the date of decedent's death was the permittee and the president of the backer corporation. CT Page 317
The issue before the court is whether or not, as a matter of law, a permittee can be considered a "seller" of alcoholic liquor under the Dram Shop Act.
A review of the various sections of the Liquor Control Act, Conn. Gen. Stat. Ch. 545 leads to the conclusion that a permit granted under the act is a personal privilege allowing the permittee, subject to the provisions of the act, to do certain things including making sales of alcoholic liquor. For this reason it must be concluded that Robichaud, as permittee, is a "seller" for purposes of the Dram Shop Act. Language of the supreme court in Pierce v. Albanese, 14 Conn. 241, 252 (1957) confirms this conclusion.
Accordingly, the motion to dismiss is denied.
PURTILL, J.