[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This matter comes before the Court on defendant's motion to strike the second count of the complaint and portions of the third and eighth counts which claim punitive damages.
The plaintiffs have filed a ten (10) count complaint alleging that plaintiff's decedent and plaintiff were passengers in a truck operated by one of the defendants and that due to operating under the influence of drugs and/or liquor the defendant negligently drove the vehicle over the center line, causing the collision and the claimed injuries.
In the second and seventh counts, the plaintiffs allege that defendant Sharon Knust was the permittee of defendant Full Moon Cafe and that Full Moon, Inc. was the cafe's backer.
Plaintiffs claim that the defendant operator was served alcohol at the cafe, he became inebriated and that the accident was a direct result of his inebriated condition. Plaintiffs seek damages pursuant to Connecticut General Statutes Section 30-102 in counts two and seven. Notice pursuant to the statute was given on April 17, 1991. The CT Page 4112 decedents' administrator was appointed on May 29, 1992. The defendants, therefore, argue that the notice is ineffective and the second count should fail.
Plaintiffs state that Section 30-102 is remedial in nature and should be liberally construed in order to advance the remedy.
General Statutes Section 30-102 states in pertinent part:
 (T)he aggrieved person or persons shall give written notice to . . . seller (of liquor) within sixty days of the occurrence of such injury . . . of him or their intention to bring an action under this section. In computing such sixty-day period, the time between the death or incapacity of any aggrieved person and the appointment of an . . . administrator . . . of his estate shall be excluded, except that the time so excluded shall not exceed one hundred twenty days.
It does not appear that our Supreme Court has dealt with the issue of whether notice prior to appointment of an administrator is effective under Section 30-102.
However, in Zucker v. Vogt, 329 F.2d 426 (2d Cir., 1964), the decedent's wife was appointed administratrix in New York, and provided the statutory notice before she was appointed as administratrix in Connecticut. The defendant contended that such notice was invalid, but the court cited Connecticut precedents which held that the statute should be liberally construed to advance the remedy. The court held that even though the decedent's wife was not yet administratrix, she would be considered an aggrieved person, and the statutory notice requirement was satisfied. Id., 428.
This holding was followed in Price v. Ray B. McHugh Post 4740 VFW, 6 CSCR 205 (January 16, 1991, Purtill, J.). In Price, the court held that although the plaintiff had not yet been appointed administratrix in any state, the notice she provided was (held to be) sufficient. See also Bickel v. Hassenmayer, 2 CSCR 600 (May 1, 1987, D. Dorsey, J.) (notice provided prior to appointment as conservator held to be sufficient); Whichard v. S.K.M., Inc., 1 CTLR 145 (January 3, 1990, Schimelman, J.) (notice provided prior to appointment as administrator would be sufficient; however, since the statutory time requirements were not met, the notice was CT Page 4113 insufficient).
Adopting the holdings in the Zucker (supra) and Price (supra) cases, the motion to strike count two is denied.
Similarly, the defendant's motion to strike a portion of count three and count eight must also be denied. The demand for relief should properly be separated from the portion of the complaint which alleges facts that constitute the cause of action. Practice Book Section 131. However, the proper way to correct such a defect is by a request to revise. See Practice Book Section 147(4). See also Terixeira v. Scranton Motors, Inc., 2 CTLR 615 (September 13, 1990, Spada, J.).
Since the defendant's motion attacks single paragraphs of counts three and eight, the motion must fail and is hereby denied.
MIHALAKOS, J.