Robert E. SCHUSTACK, Plaintiff,

v.

Lt. General Thomas W. HERREN, United States Army, Individually and as Commanding General, First Army, Lt. Col. Donald K. Hughes, United States Army, Individually and as President of the First Army Field Board of Inquiry, Lt. Col. Joe E. Starns, United States Army Reserve, and Lt. Col. Emil Simmons, United States Army Reserve, Individually and as members of the First Army Field Board of Inquiry, Defendants.

United States District Court
S. D. New York.
Dec. 14, 1955.

Dickstein, Shapiro & Fredman, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., New York City, for defendants.

SUGARMAN, District Judge.

Plaintiff Robert E. Schustack commenced an action against "Lt. General Thomas W. Herren, United States Army, Individually and as Commanding General, First Army, Lt. Col. Donald K. Hughes, United States Army, Individually and as President of the First Army Field Board of Inquiry, Lt. Col. Joe E. Starns, United States Army Reserve, and Lt. Col. Emile Simmons, United States Army Reserve, Individually and as members of the First Army Board of Inquiry", seeking injunctive relief.

Plaintiff was inducted into the Army of the United States on June 29, 1953 under the Universal Military Training and Service Act of 1948.[1] After two years of active service, he was released to the Army Reserve for fulfillment of the eight year service requirement of the Act.[2]

On July 28, 1955 plaintiff was advised through defendant Lt. General Thomas W. Herren that information was received

---

1. 50 U.S.C.A.Appendix, § 451 et seq.

2. 50 U.S.C.A.Appendix, § 454(d) (3).

by the Department of the Army, which furnished reason to believe that plaintiff's retention in the Army Establishment might not be clearly consistent with the national security. In accordance with AR 604-10-31 and 32, plaintiff was advised of his right to and thereupon requested a personal appearance hearing before a "field board". The other defendants were appointed by defendant General Herren to the "Field Board of Inquiry" before which plaintiff was on August 15, 1955 ordered to show cause why he should not be eliminated from the army under Army Regulation SR 600-220-1.[3] The hearing date was set for September 17, 1955, but on September 1, 1955 plaintiff filed his complaint herein and the instant motion for a preliminary injunction. The hearing was thereupon administratively stayed.

The ultimate relief sought by plaintiff is an injunction permanently restraining the defendants, their agents and representatives from (a) "making or threatening to make any determination as to the nature and character of Plaintiff's active service in the Army of the United States as of the date of his release from active service to the Inactive Reserve on or about the 28th day of June, 1955, in connection with the proceedings heretofore instituted by Defendants against Plaintiff on or about the 11th and 15th days of August 1955" and (b) "from taking or threatening to take any and all further action pursuant to Army Regulation No. AR 604-10 in connection with the proceedings heretofore instituted by Defendants against Plaintiff on or about the 11th and 15th days of August, 1955".

In the instant motion, plaintiff seeks a preliminary injunction restraining that action pending final determination of the case.

Defendants counter with a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, urging that plaintiff has failed to exhaust his administrative remedies; that there is no justiciable controversy and that plaintiff fails to show irreparable damage. Defendants have not yet filed their answer.

■ The defendants' motion for an order dismissing the complaint herein on the ground that it fails to state a claim upon which relief can be granted should be allowed. A fortiori the plaintiff's motion for an injunction pendente lite must be denied.

It is manifest from the army regulations which control herein,[4] that the plaintiff's suit is prematurely brought. It must be remembered that the defendants are the army personnel making up the field board of inquiry. That board was convened on the plaintiff's demand pursuant to AR 604-10-32. Subdivision 32.c.(7) of that regulation provides:

"The Board will recommend one of the following: * * * (c) Discharge in the interests of national security and the type of discharge.". (emphasis supplied)

Subdivision 32.(c) (9) of said regulation provides:

"Upon completion of its inquiry, the Board will forward the complete case through command channels to The Adjutant General. The commander who appointed the Board and the appropriate major commander will include their recommendations in the forwarding endorsement.". (emphasis supplied)

Further, AR 604-10-33, which deals with the Army Review Board, provides:

"a. Upon receipt of a case with recommendations of the field board of inquiry and appropriate field com-

---

3. This regulation was superseded on July 29, 1955 by Army Regulation AR 604-10.

4. AR 604-10. Under § 101 of the " 'Army Organization Act of 1950' ", 64 Stat. 263, 5 U.S.C.A. § 181-4, the Secretary of the Army is made head of the Army Establishment and, as such, has power to prescribe regulations for its government, 5 U.S.C.A. § 22, which have the force of law. Billings v. Truesdell, 321 U.S. 542, at page 551, 64 S.Ct. 737, 88 L.Ed. 917.

manders * * * The Adjutant General will refer the case to the Army Review Board for *final review* and *recommendation*.". (emphasis supplied)

It is then provided in subdivision *e.* of AR 604–10–33 that

"The Review Board will direct one of the actions indicated in paragraph 32.*c*(7) [quoted in part above], to include the type of discharge when appropriate, * * *".

Thereafter, under subdivision *f.* of AR 604–10–33 the decision of the Review Board is transmitted "to The Adjutant General for necessary action.".

■ Accepting, as we must on a motion to dismiss, the plaintiff's allegations that

"the action of Defendants will be taken without evidence, without granting Plaintiff the right to confront and cross-examine witnesses, without a fair procedure, without an adequate standard of loyalty, disloyalty, subversion, or what constitutes a "security risk", on the basis of undisclosed information which Plaintiff will have no opportunity to see or refute, and without a statement of the reasons for defendants' determination * * *"

we are brought to the inquiry whether such procedure by the field board of inquiry warrants judicial intervention at this time. Assuming the violation of due process which the plaintiff envisions, the proceeding has not yet ripened to that stage which can justify judicial intervention for it is manifest that the most

that *these defendants* are empowered to do is to *recommend* action. Accepting that an honorable discharge is a property of which one may not be deprived without due process of law,[5] no such deprivation occurs until the final decision to discharge other than honorably is made. The proceeding will deal with two issues: (a) plaintiff's discharge in the interests of national security and (b) the type of discharge. Plaintiff does not challenge the army's right to discharge him. His concern is only with the type of discharge which he will receive.

At least, not until the Adjutant General, under AR 604–10–35, notifies "the appropriate field commander of final action to be taken" and directs "the discharge of the member from any and all military statuses he may hold, including type of discharge to be furnished" and the type of discharge thus ordered is other than honorable, does the proceeding assume that finality which permits of judicial intervention, if then.[6]

■ Notwithstanding the nonapplicability of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., to a proceeding of this nature,[7] the exhaustion of available administrative remedies is a condition precedent to judicial intervention.[8]

The defendants' motion to dismiss the complaint is granted. The plaintiff's motion for temporary injunction is denied. This opinion shall be deemed the court's findings of fact and conclusions of law in refusing the interlocutory injunction sought herein.[9]

It is so ordered.

---

5. U.S.Const. Amend. V.

6. Marshall v. Wyman, D.C.N.D.Cal., 132 F.Supp. 169.

7. 50 U.S.C.A.App. § 463.

8. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638;

Macauley v. Waterman S.S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839. This conclusion is reached with full knowledge of a contrary holding in Bernstein v. Herren, D.C.S.D.N.Y., 136 F. Supp. 493.

9. F.R.Civ.P. rule 52, 28 U.S.C.A.