ERNESTINE OSBORN, INDIVIDUALLY AND AS ADMINISTRATRIX *v.* PATSY A. BORCHETTA ET AL.

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 100386

Memorandum filed December 18, 1956.

*Keogh & Candee,* of Norwalk, for the plaintiff.

*Maher & Maher,* of Bridgeport, and *Silverberg & Silverberg,* of New Canaan, for the defendants.

PHILLIPS, J. The question before the court on this demurrer to the complaint is whether or not the Dram Shop Act of New York gives rise to a cause of action in Connecticut where the sale of liquor and the intoxication occur in New York and the accident arising as a result thereof occurs in Connecticut.

The amendment to the complaint recites two New York statutes: Section 65 of the Alcoholic Beverage Control Law makes it a criminal act to sell intoxicating beverages to an intoxicated person. Section 16 of the Civil Rights Law provides that any person injured by an intoxicated person or by reason of the intoxication of any person, whether death results or not, shall have a right of action against any person who shall, by unlawfully selling liquor to such intoxicated person, have caused or contributed to said intoxication.

Further allegations are that the defendants sold intoxicating liquor in their inn in New York state to one Hughes, who became intoxicated, and continued to make further sales to him while he was intoxicated, in violation of the Alcoholic Beverage Control Law of New York; that as a result of his intoxication Hughes thereafter operated his car in a wanton and reckless manner in Connecticut and collided with a truck; and that the plaintiff's intestate, a passenger in Hughes's car, sustained injuries in the accident from which he died. A companion suit, No. 100,494, was brought by another passenger, and a similar demurrer was filed in that suit.

The first ground of demurrer is that the action is predicated upon a violation of the New York statutes, which do not have extraterritorial effect. Subject to certain recognized exceptions, a party can enforce in our courts any legal right of action which he may have, whether it arises under our own law or that of another jurisdiction. *Vanbuskirk* v. *Hartford Fire Ins. Co.,* 14 Conn. 583, 591; *Reilly* v. *Antonio*

*Pepe Co.,* 108 Conn. 436, 445. Generally speaking, we do not enforce statutes which are penal or rights arising thereunder. Nor do we enforce the laws of another jurisdiction, or the rights arising thereunder, which we conceive to be injurious to our public rights or to the interests of our citizens, nor those which offend our morals, contravene our public policy or violate our positive laws. *Reilly* v. *Antonio Pepe Co.,* supra; *Cristilly* v. *Warner,* 87 Conn. 461, 463. The New York statutes under which this action is brought do not fall within any of these exceptions. Clearly, they are not injurious to our public rights, and they do not violate our positive laws or offend our morals. The dissimilarities between the Dram Shop Act of New York and that in our own state are not sufficient to constitute an enforcement of rights arising under the former a contravention of our public policy. *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 446.

In determining whether the New York Dram Shop Act is penal to the extent that rights arising under it cannot be enforced in the courts of Connecticut, certain general considerations should be borne in mind. In this state we take a broad view of the extent to which our courts should go in the enforcement of individual rights arising under the statutes of another state. *Lapinski* v. *Copacino,* 131 Conn. 119, 124, and cases cited. When the immediate redress to be afforded is to the individual, many of the reasons which stand in the way of enforcing strictly penal statutes are inapplicable. Ibid.; see concurring opinion of Judge Learned Hand in *Moore* v. *Mitchell,* 30 F.2d 600, 604. It has been said that a dram shop act is a statute of highly penal character. *Cruse* v. *Aden,* 127 Ill. 231, 239; see 48 C.J.S. 717, § 431. Even so, it remains to consider whether the law in question is of such a character as to be unenforceable in our state.

Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state. *Huntington* v. *Attrill,* 146 U.S. 657, 667. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal. Ibid. In that case, the majority opinion states (p. 673): "The question whether a statute of one State, which in some aspects may be called penal, is a penal law in the international sense, so that it cannot be enforced in the courts of another State, depends upon the question whether its purpose is to punish an offense against the public justice of the State, or to afford a private remedy to a person injured by the wrongful act." In *Daury* v. *Ferraro,* 108 Conn. 386, 396, our court adopted the interpretation given to *Huntington* v. *Attrill,* supra, in 1 Wharton, Conflict of Laws (3d Ed.) at page 18— that the opinion "seems to confine the rule that the courts of one state or country will not enforce the penal laws of another, to prosecutions and sentences for crimes and misdemeanors, and suits in favor of the state for the recovery of pecuniary penalties, and to exclude actions by the individuals wronged to enforce, for their own benefit, the statutory liability imposed upon the wrongdoer." In the *Daury* case, supra, a Massachusetts act providing that a person who by his negligence causes the death of a person in the exercise of due care shall be liable in damages up to $10,000, to be assessed with reference to the degree of his culpability, was held to be a punitive statute providing reparation according to the degree of culpability, but not to be penal in the international sense, and it was therefore enforceable in the courts of this state. The case of *Cristilly* v. *Warner,* 87 Conn. 461, holding to the contrary was overruled.

The New York Dram Shop Act, a statute manifestly intended to protect human life and to impose

an extraordinary civil liability, not existing at common law, upon those causing injuries or death, by subjecting them to a private action for recovery of damages, not inuring in any particular to the benefit of the state, has important remedial features, and is not penal in the international sense. The obligations arising under it will be enforced in this state. *Daury* v. *Ferraro*, supra.

The defendants rely upon two cases, *Eldridge* v. *Don Beachcomber, Inc.*, 342 Ill. App. 151 (1950), and *Goodwin* v. *Young*, 34 Hun (N.Y.) 252 (1884), both of which are discussed in an annotation. 22 A.L.R.2d 1128. In both cases the action was brought, in the courts of the state which had a dram shop act, against the dispenser of liquor to a party who committed a tortious act against the plaintiff in another state. The reasoning of the court in holding that the statute had no extraterritorial effect did not involve the rules of conflict of laws and is not applicable to the present case, where the action is brought in the state where the injuries occurred, whose courts give effect to the remedial statutes of a sister state.

The first and second grounds of demurrer are overruled for the reasons stated. The third ground of demurrer is overruled because the action is based upon the New York statute, not the Connecticut statute.