CHARLES LAZNOVSKY *v.* PAUL FURDANOWICZ ET AL.

SUPERIOR COURT  NEW LONDON COUNTY  FILE No. 26802

Memorandum filed March 1, 1961

*Conway, Horwitz & Tamborra,* of Norwich, for the plaintiff.

*John C. Flanagan,* of New Haven, for the defendants.

RYAN, J. Plaintiff alleges in his complaint that one John R. LaFemina, while in an intoxicated condition, was sold alcoholic liquors by the defendants; that thereafter, in consequence of his intoxication, LaFemina drove his automobile at a high rate of speed and caused injury to the plaintiff while he was crossing the street. This is an action under the Dram Shop Act, General Statutes § 30-102, against the defendants, doing business as the Jewett City Hotel. In their special defense, the defendants allege that the plaintiff settled the cause of action against said LaFemina for $16,500 in consideration of a covenant not to sue said LaFemina. The plaintiff demurs to this special defense on the following grounds: (1) The cause of action against LaFemina sounds in negligence, while the instant action is based on violation of a statutory prohibition, and therefore settlement of the cause of action against LaFemina would not be a defense to this action under the Dram Shop Act. (2) The defendants and LaFemina are not joint tort-feasors, and therefore settlement with one would not be a defense for the other.

The plaintiff claims that when suits for recovery of damages for injuries are based on independent causes of action, and the parties are not joint tort-feasors, a settlement or recovery from one does not relieve the other in whole or in part. There has not been universal accord in defining joint tort-feasors, but the following is acceptable in most situations. "At present persons whose independent tortious conduct contributes to a tort are in most cases regarded as joint tortfeasors, without distinction between such persons and those who co-operate in producing a tortious result." Restatement, 4 Torts § 885, comment c. Under this definition, a complete release of LaFemina would seem to inure to the benefit of the defendants. "It is an ancient and

familiar legal proposition that a release or discharge of one or more of several tort-feasors, given for a consideration, is a release of all." *Dwy* v. *Connecticut Co.*, 89 Conn. 74, 77.

A complete release has not been pleaded in the instant case, but rather the payment of a sum of money in exchange for a covenant not to sue. "When the right of action is once satisfied it ceases to exist. If part satisfaction has already been obtained, further recovery can only be had of a sufficient sum to accomplish satisfaction. Anything received on account of the injury inures to the benefit of all, and operates as payment *pro tanto*. This is the familiar rule where consideration has been received in return for covenants not to sue or in part payment, and it is the logical and reasonable one." *Dwy* v. *Connecticut Co.*, supra, 95. The plaintiff recognizes this holding of our court but urges that the instant situation is different. He cites and relies on *Playford* v. *Perich*, 2 Misc. 2d 170. In that case the plaintiff had recovered a settlement under the New York Wrongful Death Act from the intoxicated driver of a car whose conduct had caused the death of plaintiff's decedent. In an action under the New York Dram Shop Act against those who had sold liquor to the intoxicated driver, a defense that the recovery released the defendant seller from liability for the same damages was not sustained. The court held that the suits were independent causes of action; that the intoxicated driver and the seller of liquor were not joint tort-feasors, since the action against the driver sounded in negligence and that against the seller was based on a violation of a statutory prohibition; and that the recovery under the Dram Shop Act cannot be enlarged, but also cannot be diminished by applying any reduction or mitigation of amount fortuitously recovered in wrongful death, either by way of settlement or ver-

dict therein. The New York statute provides for "actual and exemplary damages." N.Y. Civil Rights Law § 16. "It is penal in nature. It is in the nature of a civil fine, the amount of which is to be determined by a jury, and the proceeds of which are to go to a private individual or individuals, and not into the public treasury." *Playford* v. *Perich,* supra, 172.

The Connecticut Dram Shop Act, on the other hand, provides for the payment of "just damages." General Statutes § 30-102. "The gravamen of the plaintiff's cause of action is not negligence or wanton misconduct but rather a violation of . . . [the Dram Shop Act]. This statute establishes a cause of action based upon a specified course of conduct and the consequences of such conduct. It creates a new tort liability which is subject to the three-year limitation fixed by . . . [General Statutes § 52-577] for tort actions not caused by negligence." *Staples* v. *Lucas,* 142 Conn. 452, 456. "The obvious purpose of the legislation is to aid the enforcement of . . . [General Statutes § 30-86 (prohibiting the sale of liquor to intoxicated persons)] by imposing a penalty, in the form of a civil liability, in addition to the penalty prescribed in that section, and to protect the public. While it may be said that in one sense the statute is penal, nevertheless it is primarily remedial because it gives a remedy enforceable by an individual in a civil action and allows the recovery of damages in an amount commensurate with the injuries suffered." *Pierce* v. *Albanese,* 144 Conn. 241, 249, 250.

The Minnesota Dram Shop Act, while penal in nature, has, as in Connecticut, been held to be a remedial statute, since the remedy provided is compensation for damages. Minn. Stat. § 340.95 (1957). The plaintiffs in an action under the Minnesota act were held entitled to but one satisfaction, and there-

fore the amount of their prior recovery in an action brought to recover under the Wrongful Death Act could be shown so that the jury could, under proper instructions, determine to what extent, if any, the plaintiffs have already been compensated for damages in the present action. *Hartwig* v. *Loyal Order of Moose,* 253 Minn. 347. To the same effect is *Adamson* v. *Doughtery,* 248 Minn. 535; see also *Bejnarowicz* v. *Bakos,* 332 Ill. App. 151, 157.

"Payments made by one tortfeasor on account of a harm for which he and another are each liable, diminish the amount of the claim . . . whether or not it was so agreed at the time of payment and whether the payment was made before or after judgment; the extent of the diminution is the amount of the payment made, or a greater amount if so agreed between payor and the injured person." Restatement, 4 Torts § 885 (3).

This is a case of first impression in Connecticut in so far as any reported decision is concerned. In the opinion of the court, to permit the plaintiff in this action to be the beneficiary of a windfall which might result in double damages would be contrary to sound principles of law and public policy. It was not the intention of the legislature that anything more than "just damages" be recovered. This means simply compensatory rather than exemplary or punitive damages. The plaintiff points to the suggestion by the court in *Pierce* v. *Albanese,* supra, 261, that the action under the Dram Shop Act and the negligence action against the operator of the motor vehicle should be tried separately and that this raises certain questions. Which action should be tried first? What effect would entering of a judgment in one action have as to the other action? What effect would satisfaction of a judgment against one have upon a judgment against the other? These questions may in due course require a

determination. See, for example, *Burkhardt* v. *Armour,* 115 Conn. 249. They are not before the court at this time and have no controlling significance in the present ruling.

Demurrer overruled.