Lillian ZUCKER, Admx., Estate of Marvin Jerome Zucker,

v.

Hugo VOGT, d/b/a Hugo's Restaurant.

Civ. No. 8818.

United States District Court
D. Connecticut.

Dec. 19, 1961.

Shiff & Shiff, by Philip R. Shiff, New Haven, Conn., for plaintiff.

Bernard Glazer, Stamford, Conn., for defendant.

BLUMENFELD, District Judge.

Ruling On Motion To Dismiss

The question raised by the defendant's motion to dismiss is whether the plaintiff has stated a claim upon which relief can be granted. Rule 12(b) (6) F.R. Civ.P., 28 U.S.C.A. For the purposes of this motion, the allegations, as set forth below, must be taken as true. Schustack v. Herren, (D.C.S.D.N.Y.1955), 136 F. Supp. 850.

The defendant in violation of the provisions of the Connecticut Dram Shop Act, Conn.Gen.Stat. § 30–102 (Rev. of

1958) [1] sold alcoholic liquor to one William Baker, Jr., a patron of the defendant's restaurant at Stamford, Connecticut, while the latter was in an intoxicated condition. This alcoholic liquor was consumed by Baker while still on the defendant's premises. Thereafter, on the same day, in consequence of such intoxication, he operated his automobile in New York in such a manner as to cause it to collide with an automobile driven by the plaintiff's decedent thereby inflicting the injuries which resulted in his death.

■ This court, in determining whether a claim exists, sits as another court of the State of Connecticut since jurisdiction in this case is based upon diversity of citizenship. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■■ This case does not present a completely novel situation, although usually all of the elements of liability occur within a single jurisdiction. Normally, legal consequences of particular conduct are determined by exclusive reference to the law of that jurisdiction where the harm occurred. Commonwealth Fuel Co. v. McNeil, 103 Conn. 390, 405, 130 A. 794 (1925). In familiar cases where the plaintiff's harm and the defendant's act are separated by state lines, the accepted conflict of laws rule gives effect only to compensatory interests in the state where the harm occurs. Conflict of Law Restatement § 377. As "another court of Connecticut", we must follow its law pertaining to conflict of laws. Klaxon Co. v. Stentor, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In general, the law of Connecticut accords with the rules set forth above. Rogers v. White Metal Rolling and Stamping Corp. (2 Cir., 1957), 249 F.2d 262; State of Maryland ex rel. Thompson v. Eis Automotive Corp. (D.C.Conn.1956), 145 F.Supp. 444.

The defendant in reliance on these rules therefore contends that, since the plaintiff's injuries were sustained in New York, any right to recover damages from those injuries can come into being only if it is created by the law of New York.[2]

In support of his contention that New York courts would not take this step he calls attention to the case of Goodwin v. Young, 34 Hun 252 (N.Y.1884) which held that its court would not give extra-territorial effect to its own Dram Shop Act to permit recovery for injuries sustained in the neighboring State of Vermont. From that he argues it is a fortiori that New York would most certainly not give any extra-territorial effect to the Connecticut Dram Shop Act.[3] He buttresses his position by citing Eldredge v. Don Beachcomber Inc., 342 Ill.App. 151, 95 N.E.2d 512, 22 A.L.R.2d 1123 (1950).[4] Since New York's law is clear,

1. Conn.Gen.Stat. § 30–102 (Supp.1959): "If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty-five thousand dollars * * *." Amended in 1961 to limit recovery to Twenty Thousand Dollars, Conn.Public Acts of 1961, No. 432.

2. Although New York has a Dram Shop Act (New York Civil Rights Law, § 16) similar to Connecticut's the plaintiff does not rest his claim on a violation of the provisions of that enactment.

3. But see dictum in Goodwin v. Young (supra) 34 Hun at p. 253 to the effect that the result might have been different if Vermont, the place of injury, had a statute similar to the New York Dram Shop Act.

4. Accord: Butler v. Wittland, 18 Ill.App. 2d 578, 153 N.E.2d 106 (Both these cases held that the Illinois Dram Shop Act was penal in nature and therefore would not be given extra-territorial effect in the absence of express legislative decree). But see: Waynick v. Chicago's Last Dept. Store (7 Cir. 1959), 269 F.2d 322 (In reviewing Ill.Dist.Ct. held that while the Illinois Dram Shop Act would not be given extra-territorial effect a cause of action would lie under Michigan common law, the situs of the injury, predicated upon the Illinois criminal statute, making it a crime to sell liquor to an

he argues that Osborn v. Borchetta et al., 20 Conn.Supp. 163, 129 A.2d 238, where the operative facts were the same as in this case except that the geographical situs was reversed, should be given no significance in determining what New York law may be.[5]

The defendant summarizes this brief and succinct argument by claiming that the plaintiff is impaled on the horns of a dilemma: (1) The Connecticut court cannot reach beyond its own borders to enforce a breach of its own law committed here which brought about an injury which occurred to the plaintiff in New York State because it will perforce look to the law of New York when applying its own law of conflict of laws; and (2) New York law will not give extra-territorial effect to the breach of the Connecticut Dram Shop Act which resulted in injuries to the plaintiff in New York.

If there is no escape from the force of the defendant's argument, then not only is the plaintiff impaled, but the public policy of both New York and Connecticut is frustrated because the basic concepts underlying their respective Dram Shop Acts are the same. For this forum that policy has been expressed in Pierce v. Albanese, 144 Conn. 241, 248–249, 129 A.2d 606, 611 (1957) as follows:

"Because of the danger to the public health and welfare inherent in the liquor traffic, the police power to regulate and control it runs broad and deep. * * * The multitude of automobiles on the public highways enhance the danger. * * * The obvious purpose of the legislation is to aid the enforcement of § 4293 * * * and to protect the public."

Similarly in Osborn v. Borchetta (supra), the Connecticut Superior Court after noting that the policies of the New York and Connecticut Dram Shop Acts were not in conflict, characterized the New York Act as " * * * a statute manifestly intended to protect human life * * * " Osborn, 20 Conn.Sup. at p. 166, 129 A.2d at p. 240.

When this state has an interest in deterring violations of the Dram Shop Act as strong as those declared in Pierce v. Albanese (supra) and when it commits the power of its courts as it did in Osborn v. Borchetta (supra) to serve its interest in providing compensation for injuries to persons in consequence of such breaches it is deemed unlikely that the Connecticut courts would judicially refuse to serve those interests in this case in order to mechanically conform to the conceptualistic territorial view of torts as set forth in the Conflict of Laws Restatement § 377. Cf. Levy v. Daniels' U-Drive Auto Renting Co., Inc., 108 Conn. 333, 143 A. 163, 61 A.L.R. 846 (1928).[6] The same formula was applied

---

intoxicated person). Apparently contra: Schmidt v. Driscoll Hotel, 249 Minn. 376, 82 N.W.2d 365 (Minnesota court held that the Minnesota Dram Shop Act would apply although injury occurred in Wisconsin. But case should be limited to its facts, since plaintiffs were citizens of Minnesota). And see: Pierce v. Albanese (supra) London & Lancashire Indemnity Co. of America v. Duryea, 143 Conn. 53, 119 A.2d 325 (1955); Laznovsky v. Furdanowicz (supra); American Surety Co. of New York v. Rodek (D.C.Conn.1954), 128 F.Supp. 250, rev'd. on other grounds 2 Cir. 1956, 229 F.2d 175 (cases which held that the Connecticut Dram Shop Act is primarily remedial rather than penal).

5. Osborn v. Borchetta (supra) (In an action against a New York dealer for a sale in New York which resulted in injuries in Connecticut the Connecticut Superior Court held that a cause of action based on the New York Dram Shop Act would be sustainable in a Connecticut court).

6. While the case was ultimately decided upon a theory of contract, the court discussed at length the strong public policy behind the statute in question which imposed vicarious liability upon Connecticut automobile renters for accidents occurring in the operation of these rented vehicles. Levy v. Daniels' U-Drive (supra) 108 Conn. at pp. 336, 337, 143 A. 163; Accord: Graham v. Wilkins, 145 Conn. 34, 138 A.2d 705 (1958); See also: Alaska Packer's Ass'n v. Industrial Accident Comm., 294 U.S. 532, 542–544, 55 S.Ct. 518, 79 L.Ed. 1044; see generally:

by Judge Wyzanski in Gordon v. Parker [7] in which he imposed liability for a breach in Massachusetts of one of its laws based on strongly supported moral considerations, although Pennsylvania where the injury occurred would not countenance a cause of action for such an injury. Although Gordon v. Parker may be read as presenting no conflict of moral viewpoint about the reprehensibility of adulterous conduct between Massachusetts and Pennsylvania it is clear that the law of the case sharply deviated from the usual conflict of laws rule. Judge Wyzanski recognized this when he stated at p. 42 "departures from the territorial view of torts ought not to be lightly undertaken."

■ Here it is difficult to see how the harmony between different states which is the fundamental basis for the whole doctrine of conflict of laws could be adversely affected by holding, as I believe the highest courts of Connecticut would, that the plaintiff may recover damages for injuries sustained as a result of violation by the defendant of the provisions of the Connecticut Dram Shop Act.

The motion to dismiss is denied.

### Motion To Limit Recovery

■ The motion to limit recovery to $20,000 recently provided for by amendment [8] instead of $25,000 which the statute permitted at the time the plaintiff's injuries were sustained requires a determination of which provision applies.

Sec. 1–1 Conn.Gen.Stat. (Rev. of 1958) which provides, "The passage or repeal of an act shall not affect any action then pending" would seem to require a denial of the motion since this action was filed on May 29, 1961.

The unreported interlocutory decision of a trial court in Moore Admr. v. Strain et al, January 6, 1961, Superior Court Fairfield County, at Stamford, Connecticut, No. 2025, does not require a contrary holding here. In Moore an action was brought on November 6, 1959 to recover for injuries sustained on May 23, 1959. By statutory amendment effective July 1, 1959 a limit of $25,000 upon the amount of damages recoverable under the Dram Shop Act was imposed where none had existed before. A demurrer attacking the amount of a claim for damages in the complaint to the extent that it was in excess of $25,000 was sustained upon the following rationale:

> "Section 30–102 and its predecessor create a cause of action unknown to the common law. The purpose of the statute is primarily remedial and therefore the continued existence of the cause of action itself as well as the damages are governed by any modification enacted by the legislature. No vested right accrues by virtue of the legislative enactment. The amendment effective July 1, 1959, governs the proceedings in this case. See Mechanics' and Farmers' Bank of Albany: Appeal from Probate, 31 Conn. 63."

Although the court did not advert to § 1–1 (supra) its holding is sustainable on that ground. So whether this court would be required to accept a ruling upon a demurrer sustained in the trial court as decisional law under the cases in 311 U.S.[9]: Fidelity Union Trust Co. v. Field,

Ehrenzweig, Vicarious Liability in the Conflicts of Laws—Toward a Theory of Enterprise Liability under "Foreseeable and Insurable Laws" III, 69 Yale L.J. 978, 985–991 (1960); The Place of Acting In Intentional Multi-State Torts, Law and Reason versus The Restatement, 36 Minn.L.R. 1. (1951).

7. Gordon v. Parker (D.C.Mass.1949) 83 F.Supp. 40 (A case involving a suit for alienation of affections by a Pennsylvania resident. The action was commenced in Massachusetts, the place where the acts occurred. The marital domicile, i. e. place of injury, was Pennsylvania).

8. No. 432 of Public Acts of 1961 became effective June 14, 1961, the date of its approval. Conn.Gen.Stat. § 2–32 (Rev. of 1958).

9. Pettee v. Hartford-Conn. Trust Co., 105 Conn. 595, 609, 610, 136 A. 111 (1926) holds that one trial judge is not bound to follow a ruling upon a demurrer made by another at an earlier stage of the

311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109 (1940); Stoner v. New York Life Insurance Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284 (1940); West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940); Six Companies of California v. Joint Highway Dist., 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114 (1940), or whether it is free to determine for itself what the highest court of Connecticut would decide, the same result is reached.

The amendatory statute enacted in 1961 reducing the amount recoverable under § 30–102 from $25,000 to $20,000 has no retroactive effect in this case.

Massa v. Nastri, 125 Conn. 144, 146–147, 3 A.2d 839, 120 A.L.R. 939 (1939); Demarest v. Zoning Commissioner, 134 Conn. 572, 575, 59 A.2d 293 (1948); Field v. Witt Tire Co. of Atlanta, Ga. (2 Cir., 1952), 200 F.2d 74, 77.

The motion to limit recovery is denied.

Motion For Stay Of Proceedings

■ This motion is grounded on the fact that there is now pending before the Supreme Court of New York an action brought by the plaintiff against Baker, the operator of the automobile, and his employer. The defendants in that action are not parties here. The cause of action is different there; the amount of damages recoverable is limited here. Under these circumstances a stay of proceedings would hardly serve any effective purpose related to economy of time or effort of either counsel or the courts. See: Kamen Soap Products Co. v. Struthers Wells Corp. (D.C.S.D.N.Y.1958), 159 Fed.Supp. 706, 711–713.

■ The apprehension of defendant here that the plaintiff may recover double damages is not justified by the decision in the ruling upon demurrer in Laznovsky v. Furdanowicz et al., 22 Conn.Supp. 297 (1961). The reasoning and the effect of the court's ruling is exactly contrary;

case. Accord: Fitzgerald v. Merard Holding Co., 106 Conn. 475, 480, 138 A. 483, 54 A.L.R. 361 (1927); State

it reiterates the well settled rule that the plaintiff can recover only "just damages" of a compensatory nature, and that, as in any case of judgments against joint tort-feasors there may be only one satisfaction. Skut v. Hartford Accident & Indemnity Co., 142 Conn. 388, 397, 114 A.2d 681 (1955); Restatement, 4 Torts, § 885(3); Cf. Buckhardt v. Armour, 115 Conn. 249, 161 A. 385, 90 A.L.R. 1260 (1932).

The motion to stay proceedings is denied.

v. Sul, 146 Conn. 78, 83, 147 A.2d 686 (1958).