**UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 919, AFL–CIO**

v.

**LECHMERE, INC.**

**Civ. No. H–87–642 (PCD).**

United States District Court, D. Connecticut.

March 23, 1988.

---

Michael Feldman, Hoberman & Pollack, Hartford, Conn., for plaintiff.

J. William Gagne, Jr., Hartford, Conn., for defendant.

### RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiff, United Food and Commercial Workers Union ("Union"), brings this action to enjoin defendant, Lechmere, Inc. ("Lechmere"), from denying Union members access to defendant's parking lot for the purposes of distributing information to Lechmere's employees as part of an organizational campaign. Plaintiff alleges that it has sought to enter Lechmere's parking lot to communicate with the employees, who are willing to receive this information, and that Lechmere has denied access and

has indicated that it will consider such entry to be an unlawful trespass. *See* Complaint, ¶¶ 3–4. Plaintiff argues that these actions have violated the Union members' rights of freedom of speech and assembly as they are guaranteed by the Connecticut Constitution, Art. I, §§ 4, 5, 14. Defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted under the state constitution. Defendant also moves to dismiss the action as preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 141, *et seq.*

The complaint alleges that plaintiff and its members sought access to defendant's premises for the purpose of distributing information to employees on the issue of unionization. On or about May 1, 1987, defendant denied plaintiff access to Lechmere's Newington store and parking lot. The store remains open to the public for access as customers. Plaintiff alleges that defendant's actions have rendered it unable effectively to communicate its message to Lechmere employees.[1]

*State Constitutional Claim*

The Union argues that, in blocking its ability to disseminate information to Lechmere employees, defendant has violated Art. I, §§ 4, 5, 14 of the Constitution of the State of Connecticut.[2] Defendant argues that these allegations do not state a claim upon which relief can be granted under the state constitution because Lechmere is a purely private actor and the cited sections do not reach private interference with individual expression.

When interpreting the Connecticut Constitution in a diversity action, this court sits as a trial court of the state and is bound by the holdings of the highest court of the state. *See, e.g., Stolberg v. Members of Board of Trustees for State Colleges of*

---

1. Based thereon, plaintiff has filed an unfair labor practice charge with the National Labor Relations Board. *See* Affidavit of Robert P. Joy. The record does not disclose any final action by the Board on the charge.

2. Section 4 provides:
   Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty.
   Section 5 provides:

No law shall every be passed to curtail or restrain the liberty of speech or of the press.
Section 14 provides:
   The citizens have a right, in a peaceable manner, to assemble for their common good, and to apply to those invested with the powers of government, for redress of grievances, or other proper purposes, by petition, address or remonstrance.

*State of Connecticut,* 541 F.2d 890 (2d Cir.), cert. denied, 429 U.S. 897, 97 S.Ct. 260, 50 L.Ed.2d 181 (1976); *Zucker v. Vogt,* 200 F.Supp. 340, 341 (D.Conn.1961) (federal court sits as court of state to determine whether claim exists under state law). Plaintiff's contention—that the state constitutional provisions respecting freedom of expression may limit the ability of a private property owner to exclude persons from his property—has been rejected by the Connecticut Supreme Court.[3]

In *Cologne,* the plaintiffs sought an injunction to restrain the owners of a shopping mall from denying them access to the mall for the purpose of distributing literature and soliciting signatures on petitions. *Cologne,* 192 Conn. at 50–52, 469 A.2d 1201. The Superior Court granted the injunction. On appeal, the Connecticut Supreme Court remanded with instructions to render judgment for the defendant mall owners. In discussing §§ 4, 5, 14 of the state constitution, the court made clear that those sections " 'are designed as a safeguard against acts of the state and do not limit the private conduct of individuals or persons.' " *Id.* at 63, 469 A.2d 1201, quoting *Lockwood v. Killian,* 172 Conn. 496, 501, 375 A.2d 998 (1977). The court declined to strike the precise constitutional balances between private property rights and rights of expression which the plaintiff seeks to invoke here. *See Cologne,* 192 Conn. at 65–66, 469 A.2d 1201 (court will not "strike precise balance" between competing private interests).

Plaintiff argues that *Cologne* is distinguishable because, unlike the plaintiffs in that case, the Union's proposed expression is directly related to the private property involved. *See, e.g., Logan Valley,* 391 U.S. 308, 88 S.Ct. 1601 (protecting expression arising out of labor dispute with property owner), *overruled in Hudgens,* 424 U.S. 507, 96 S.Ct. 1029. Plaintiff also contends that, because defendant is dependent on government services and regulations such as building permits, police protection, and public transportation, and because defendant relies upon the state trespass laws to enforce its exclusionary policy, the requirement of state action is satisfied.

However, it is now well-settled that the Connecticut Constitution does not reach private conduct which restricts speech or expressive activity. *Cologne,* 192 Conn. at 63, 469 A.2d 1201; *cf. Dydyn v. Department of Liquor Control,* 12 Conn.App. 455, 463, 531 A.2d 170 (1987) (Connecticut courts have consistently adopted the reasoning of cases interpreting the first amendment of the federal constitution). The type or subject of the speech and its relation to the use of the property cannot be argued to expand the private right of expression in view of *Cologne.* Defendant thus cannot be held to have violated the state constitutional provisions.[4] Moreover,

---

3. Plaintiff's view of these provisions parallels the course taken by courts of several other states in interpreting their own constitutions as extending protection to expressive activity on private property. *See Robins v. Pruneyard Shopping Center,* 23 Cal.3d 899, 592 P.2d 341 (1979) (protecting solicitation of petitions), *aff'd,* 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980); *Batchelder v. Allied Stores Int'l, Inc.,* 388 Mass. 83, 445 N.E.2d 590 (1983) (same); *Alderwood Associates v. Washington Environmental Council,* 96 Wash.2d 230, 635 P.2d 108 (1981) (same). Indeed, for a brief period the United States Supreme Court interpreted the first amendment of the federal constitution to protect union picketing upon the private property of a shopping center where, as the Union alleges here, the activity is related to a dispute between the employer and the workers involved. *Amalgamated Food Employees Union v. Logan Valley Plaza,* 391 U.S. 308, 318, 88 S.Ct. 1601, 1608, 20 L.Ed.2d 603 (1968). *Logan Valley Plaza, Inc.,*

391 U.S. 308, 88 S.Ct. 1601 (1968), was overruled in *Hudgens v. NLRB,* 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (1976) (holding that federal constitutional protection does not extend to expression on private property). However, nothing prevents states from providing greater levels of protection. *Pruneyard Shopping Center v. Robins,* 447 U.S. 74, 81, 100 S.Ct. 2035, 2040–41, 64 L.Ed.2d 741 (1980). The Connecticut Supreme Court refused the invitation to interpret the Connecticut Constitution as providing such greater protection, despite a cogent dissent by Chief Justice Peters which delineated the textual, historical and precedential support for doing so. *Cologne v. Westfarms Associates,* 192 Conn. 48, 66, 469 A.2d 1201 (1984). This court is bound by that holding which, as discussed below, is dispositive of plaintiff's claim.

4. To the extent that *Cologne* adopts the reasoning of cases interpreting the first amendment,

*Cologne* expressly rejected the claim that a store or shopping center loses its private character by virtue of its size or the public's access for commercial purposes:

"Nor does property lose its private character merely because the public is generally invited to use it for designated purposes.... The essentially private character of a store and its privately owned abutting property does not change by virtue of being large or clustered with other stores in a modern shopping center." [*Tanner*, 407 U.S. at] 569 [92 S.Ct. at 2229]. If the furnishing of building permits, police protection and public transportation were deemed to constitute sufficient government involvement to transform the actions of the defendants in refusing the plaintiffs' requests into those of public officials, ... almost every improved property would be subject to the same burden the plaintiffs seek to impose upon [the defendants].

*Cologne*, 192 Conn. at 66, 469 A.2d 1201.

The Connecticut courts have not interpreted Art. I, §§ 4, 5, 14 to create a right on the basis of which plaintiff might complain of defendant's conduct. Accordingly, the complaint does not state a cause of action upon which relief can be granted. Defendant's motion to dismiss is granted.

Because plaintiff has not stated a cause of action under the Connecticut Constitution, it is unnecessary to reach the question of whether, if such a cause of action existed, it would be preempted on the ground that defendant's conduct was "arguably prohibited" by Section 8(a)(1), or that plaintiff was engaged in conduct "arguably protected by" Section 7 of the NLRA. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 779–80, 3 L.Ed.2d 775 (1958).

SO ORDERED.

plaintiff's proposed distinction based upon the subject of the speech and the "public" nature of the shopping center are foreclosed by *Hudgens*, 424 U.S. at 519–20, 96 S.Ct. at 1036–37 and *Lloyd Corp. v. Tanner*, 407 U.S. 551, 568–69, 92 S.Ct. 2219, 2228–29, 33 L.Ed.2d 131 (1972).