**Merl J. LINNABERY, Plaintiff,**

v.

**Margaret DePAUW, doing business as Yankee Supper Club, Defendant.**

No. 87–4092.

United States District Court,
C.D. Illinois,
Rock Island Division.

Sept. 28, 1988.

Raymond J. Conklin, Braud & Warner, Rock Island, Ill., for plaintiff.

Jack L. Brooks, Bozeman, Neighbour, Patton & Noe, Moline, Ill., for defendant.

## ORDER

MIHM, District Judge.

This case, in which the Court's jurisdiction is founded upon diversity of citizenship, is based upon an incident which, according to Plaintiff's Amended Complaint,

occurred on the Centennial Bridge located over the Mississippi River between Iowa and Illinois. Plaintiff alleges in his Complaint that he was injured by an individual named David McGehee in an accident in which McGehee's motorcycle collided with Plaintiff's motorcycle. Plaintiff seeks recovery against Defendant, claiming that Defendant was negligent "in furnishing alcoholic beverages to David McGehee to the point where McGehee became intoxicated," and that McGehee's intoxication resulted in the vehicular accident in which Plaintiff was injured.

Presently before the Court are Defendant's Motion for a More Definite Statement, Motion to Dismiss Count II of Plaintiff's First Amended Complaint, and Plaintiff's Challenge to the Constitutionality of the Illinois Dram Shop Act. As detailed below, the Court GRANTS Defendant's Motions and DENIES Plaintiff's Challenge.

## MOTION FOR MORE DEFINITE STATEMENT

Defendant claims that Plaintiff's First Amended Complaint fails to comply with Federal Rule of Civil Procedure 9(f) because it does not contain any allegation of the place at which Plaintiff's injury supposedly occurred. Because Count I of Plaintiff's First Amended Complaint seeks recovery under the Illinois Dram Shop Act, Ill.Rev.Stat., ch. 43 ¶ 135 (1986), and because the Illinois Dram Shop Act has no extraterritorial force, *Graham v. General U.S. Grant Post No. 2665, VFW*, 43 Ill.2d 1, 248 N.E.2d 657 (1969), if the collision in question occurred in a portion of the Centennial Bridge that is in Iowa, Plaintiff would have no cause of action under the Illinois Dram Shop Act as a matter of law.

Given the fact that Defendant filed an Answer to Plaintiff's original Complaint, in which Plaintiff's claim under the Illinois Dram Shop Act was identical to that made in Plaintiff's First Amended Complaint, Defendant's argument that Plaintiff's allegations in the First Amended Complaint are so vague and ambiguous that Defendant cannot reasonably be required to frame a responsive pleading, is disingenuous. Nevertheless, it appears to the Court that Defendant's Motion for a More Definite

Statement should be granted. While Plaintiff contends that there is a dispute as to the location of the accident in question, he can still make a good faith allegation as to where he contends the accident occurred.

■ Although Rule 9(f) of the Federal Rules of Civil Procedure does not require the pleader to set out specific allegations of time and place, but merely states the significance of those allegations when they are interposed, 5 C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 1309 (1969), allegations of place and time are necessary in pleading certain types of tort claims. *Id.* Courts have required, in suits for personal injuries caused by the defendant's alleged negligence, that the time and place at which the injury occurred be specifically pled. *Id.* Because this is such a case, and because the location of Plaintiff's alleged injury is crucial to a determination of whether or not he has a cause of action under the Illinois Dram Shop Act, Plaintiff must provide a more definite statement as to the alleged location of the accident in question. Defendant's Motion for a More Definite Statement is GRANTED.

## PLAINTIFF'S CHALLENGE TO THE CONSTITUTIONALITY OF THE ILLINOIS DRAM SHOP ACT

Plaintiff has filed a challenge to the constitutionality of the Illinois Dram Shop Act, claiming that, because the courts have construed the Act as having no extraterritorial effect, the Act violates the equal protection clause. Pursuant to Local Rule 5, United States District Court for the Central District of Illinois, the Clerk, upon receipt of Plaintiff's attack on the constitutionality of the Act, notified the Attorney General of the State of Illinois on April 27, 1988 that Plaintiff's challenge had been filed. No response to that notification was filed with the Court.

■ Plaintiff concedes that, because he has no fundamental interest at stake, this Court should not apply the strict scrutiny standard of review, but should merely ask whether or not there is a rational relationship between the classifications of extraterritorial accidents and incidents which occur within the state border vis a vis the legisla-

tive purposes underlying the Dram Shop Act. Plaintiff also acknowledges that this analysis involves two questions: (1) whether the statute's purpose is reasonable; and (2) whether the statute rationally advances that purpose. *See, e.g., Moran v. Beyer,* 734 F.2d 1245 (7th Cir.1984).

The purpose of the Illinois Dram Shop Act is to place the burden of liquor traffic on those who profit from it. *Tresch v. Nielsen,* 57 Ill.App.2d 469, 207 N.E.2d 109 (1965). In other words, the Act protects members of the public by placing the responsibility for injuries caused by intoxication on those who reap the financial benefits from liquor sales. *Geocaris v. Bangs,* 91 Ill.App.2d 81, 234 N.E.2d 17 (1968). According to Plaintiff, the distinction drawn by the Act between injuries sustained outside the State of Illinois caused by persons who become intoxicated at Illinois taverns versus injuries sustained within the State of Illinois caused by persons who became intoxicated at Illinois taverns, is irrational, arbitrary, and bears no reasonable relationship to the purposes and objectives of the statute.

It appears to the Court that the major flaw in Plaintiff's argument lies within the title of the very constitutional provision which Plaintiff claims is violated by the Dram Shop Act. That is, Plaintiff claims that the Act violates the equal protection clause, but the Illinois legislature's power to "protect" can be reasonably construed as limited to occurrences within the territories of the State. As noted by the court in *Graham,* "it is a well-established principle that a statute has no extraterritorial force and is *prima facie* operative only as to persons or things within the jurisdiction of the state where such statute is enacted." *Graham,* 43 Ill.2d at 3–4, 248 N.E.2d 657, *quoting, Butler v. Wittland,* 18 Ill.App.2d 578, 583–84, 153 N.E.2d 106 (1958). As a result of such construction, the Illinois legislature has deferred to the sovereignty of other states, such as the State of Iowa, and has respected the power of those states to enact measures to protect members of the public within their respective borders.

Although Plaintiff cites cases in which courts have given dram shop acts extraterritorial effect, *see, e.g., Trapp v. 4–10 In-*vestment Corp., 424 F.2d 1261 (8th Cir. 1970); *Zucker v. Vogt,* 200 F.Supp. 340 (D.C.Conn.1961), *aff'd,* 329 F.2d 426 (2nd Cir.1964); *Bankord v. DeRock,* 423 F.Supp. 602 (N.D. Iowa 1976); *Osborn v. Borchetta,* 20 Conn.Sup. 163, 129 A.2d 238 (1956), the fact that those courts have done so does not make the Illinois Dram Shop Act, and the cases in which the courts have interpreted it, unconstitutional. The Court does not think that it can be said that the purpose of the Dram Shop Act, to protect the public by placing the responsibility for injuries caused by intoxicated persons upon those who provide alcohol to those persons, is unreasonable. Nor does the Court believe that the statute fails to reasonably advance that purpose by limiting its coverage to accidents occurring within the borders of the State of Illinois. Plaintiff's challenge to the constitutionality of the Illinois Dram Shop Act is DENIED.

### MOTION TO DISMISS

■ Defendant also moves to dismiss Count II of Plaintiff's First Amended Complaint, because that count purportedly states a common law action for negligent furnishing of alcoholic beverages to an allegedly intoxicated person who subsequently caused injury to Plaintiff. As Defendant correctly states, it is well-established that there is no common law liability for the negligent sale of liquor in the State of Illinois. *Wimmer v. Koenigseder,* 108 Ill. 2d 435, 92 Ill.Dec. 233, 237, 484 N.E.2d 1088, 1092 (1985). For this reason, Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint is GRANTED.

### CONCLUSION

In summary, Defendant's Motion for a More Definite Statement is GRANTED, Plaintiff's attack upon the constitutionality of the Illinois Dram Shop Act is DENIED, and Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint is GRANTED.