[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ARTICULATION
Pursuant to Practice Book § 66-5, the defendant/appellant, Stop Shop Supermarket Company, moved that the court articulate its decision denying the defendant's motion to reduce the verdict against it to $1,00 as set forth in the defendant's motion for judgment on its second special defense. The request was denied by the trial court without a written decision because in the absence of a finding of "DOUBLE RECOVERY" or UNJUST ENRICHMENT", the court believed that Connecticut law did not support the defendant's second special defense. The Appellate Court overruled the trial court and requested this articulation.
 BASIC FACTS
This is a slip and fall action which was tried to a jury which rendered a verdict in favor of the plaintiff on April 30, 1999 in the amount of $37,226.96 The jury awarded the plaintiff economic damages in the amount of $7,226.96 and non-economic CT Page 16445 damages in the amount of $30,000. The jury further found that the plaintiff was forty percent contributorily negligent. Prior to trial, the plaintiff received a total of $22,500 from settled and related parties.
The plaintiff Helen White fell on an accumulation of snow and ice in the Stop Shop parking lot and suffered complex fracture in the bones of her left leg. On the first day of jury selection the plaintiff settled with the landlord (Byelas) and the firm that removed the snow from the parking lot (Palmer), for a total sum of $22,5000. The plaintiff refused all offers of settlement made by the remaining defendant. During the trial the plaintiff, outside the presence of the jury, was questioned by the defendant's attorney concerning her intentions in requiring released forms. She testified that she intended only to release the landlord and the snow removal firm (Byelas and Palmer) and in no way intended to include Stop Shop or to release Stop Shop by signing the releases as of record appears.
After the verdict was accepted, the court denied motions for an additur or remittitur since the amount of the verdict as reduced by the contributorily negligence of the plaintiff, and collateral source issues, combined with the sums received for the released parties did not "shock the court's conscience.
The judgment in the amount of $11,168.09 plus taxable costs of $2,330.54 combined with the $22,500 received from the released parties, appeared to be within the range of a reasonable sum for the injuries which the plaintiff received in the fall. (complex fractures in the bones of the left foot)
 LAW
It is a well established precedent that "the amount of a damage award is peculiarly within the province of the trier of fact." It is Black Letter Law that: "A plaintiff may be compensated only once for his or her just damages." In a jury case the jury determines the award that it believes is fair just and reasonable to adequately compensate the plaintiff for the loss suffered. In cases with personal injuries and pain and suffering ancillary to the injuries the awarded amount is not considered to be absolute. As it was stated before, the court can always in its discretion add or subtract to the jury's verdict to cure any deficiencies in a particular case. CT Page 16446
Plaintiffs counsel argued that the Restatement 2nd of Torts,§ 885 should have been found by the court to be the law. In pertinent part, § 885 states:
 (3) A payment by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the [person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment.
The court did not find that the Restatement 2nd of Torts, §885 has been construed by the Connecticut courts, in the absence of a finding of a "DOUBLE RECOVERY" or "UNJUST ENRICHMENT", to be controlling. The plaintiff also cited Laznovsky v. Furdanowiez,22 Conn. Sup. 297, 299-301 (1961). Since the court in this case did not find a result that it considered as "DOUBLE DAMAGE'S" (that naturally would be contrary to said principles of law and public policy) the court found that case not to be controlling. In Hynes v. Yale-New Haven Hospital, 243 Conn. 17 (1997), arbitrators determined the amount received to be fair just and reasonable for the injuries. Since the trial court in this case did not find the total of sums received for the injuries to the plaintiffs leg to result in a "double recovery," the court did not find that case to be controlling. The other cases that the defendant cited in argument for a $1 verdict, once again, rested upon a finding of a "DOUBLE RECOVERY" or "UNJUST ENRICHMENT." Since this was not found by the court to be true in this case the court found the second special defense not to have been proved.
RYAN, J.